[No. A067356. First Dist., Div. Three. Aug. 24, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
CALVIN JONES, Defendant and Appellant.

## COUNSEL

Melissa W. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Violet M. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

MERRILL, J.—Appellant Calvin Jones was convicted of assault with a deadly weapon, and the enhancing allegation of personal infliction of great bodily injury was found to be true. The jury also found to be true the allegations of three prior felony convictions. The sole issue raised on appeal is whether sufficient evidence supported the jury's finding regarding two of the alleged prior convictions.

### I.

### FACTS

We set forth the facts to the limited extent necessary for a determination of the issue on appeal. The information alleged that appellant had five prior felony convictions. Following presentation of evidence on the prior convictions, the court granted appellant's motion to dismiss the third and fourth alleged priors. The jury then found the allegations regarding appellant's first, second, and fifth prior convictions to be true. Appellant challenges the jury's findings as to the first prior conviction for burglary and second prior conviction for robbery. He does not challenge the finding as to the fifth alleged prior conviction for robbery.

The only evidence offered to prove the first and second alleged prior convictions was documentary evidence of the information filed in each case, and completed forms signed by appellant, entitled "Waiver on Plea of Guilty/No Contest" and "Waiver on Plea of Guilty." The waiver form regarding the first alleged prior conviction of burglary states: "I am pleading no contest to the offense of: PC § 459 . . . ." The waiver form regarding the second alleged prior conviction of robbery states: "I am pleading no contest

to the offense of: § 211 . . . ." The first form contains the statement: "I am entering a plea of guilty because I am in fact guilty." The second form contains the statement: "I am entering a plea of no contest because I am in fact guilty." Both forms state: "I understand that if I do not plead guilty in open court after hearing the negotiated plea, that this waiver form will be destroyed." Appellant's initials appear in the boxes after these statements.

The court sentenced appellant to a total of 17 years in state prison. Appellant received four years for the assault with a deadly weapon and consecutive sentences of three years for the great bodily injury enhancement and five years each for the second and fifth alleged prior convictions. No prison term was imposed for the first prior conviction.

## II.

### DISCUSSION

Appellant contends that there was insufficient evidence to support the jury's finding regarding the first and second alleged prior convictions. Appellant maintains that the waiver forms introduced as evidence in support of both of the challenged priors established only that he intended to plead no contest or guilty and knowingly waived his constitutional rights, not that he actually pled no contest or guilty to the charges. Based on the facts of this case, where the truth of these prior convictions was being determined by a jury, we find appellant's position to be meritorious.

The state has the burden "to prove beyond a reasonable doubt those alleged prior convictions challenged by a defendant." (*In re Yurko* (1974) 10 Cal.3d 857, 862 [112 Cal.Rptr. 513, 519 P.2d 561].) In reviewing the sufficiency of the evidence of the prior convictions, we determine " '. . . whether a reasonable trier of fact could have found that the prosecution sustained its burden of proof beyond a reasonable doubt. In making this determination, [we] must consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment. The test is whether substantial evidence supports the [conclusion of the (jury)], not whether the evidence proves guilt beyond a reasonable doubt.' " (*People* v. *Crittenden* (1994) 9 Cal.4th 83, 139 [36 Cal.Rptr.2d 474, 885 P.2d 887], quoting *People* v. *Mincey* (1992) 2 Cal.4th 408, 432 [6 Cal.Rptr.2d 822, 827 P.2d 388].)

 In considering whether there is sufficient evidence to support findings of prior convictions, courts look to evidence that the defendant unequivocally expressed his intent to plead guilty in open court.[1] The court in *In re Moss* (1985) 175 Cal.App.3d 913 [221 Cal.Rptr. 645] considered the sufficiency of a waiver form as evidence of a prior conviction. There, the court found that "[a]lthough the 'Waiver of Constitutional Rights' form does not provide for an express and unequivocal plea of guilty, but rather indicates that [the defendant] 'desires' to plead guilty, this is sufficient to establish an actual plea of guilty." (*In re Moss, supra*, 175 Cal.App.3d at p. 925, fn. omitted.) The court went on to indicate, however, that it was "the plea form, together with the judge's procedure in asking Moss how he pled . . . [which] constituted an unequivocal plea . . . ." (*Ibid.*) Moreover, the waiver form in *Moss* contained a section entitled "Findings and Orders" signed by the trial judge which stated: "Defendant and/or his attorney appeared in open court and entered his plea . . . ." (*Id.* at p. 934.) In *People v. Moore* (1992) 8 Cal.App.4th 411 [10 Cal.Rptr.2d 286], the court found sufficient evidence of a prior conviction based on the defendant's in-court statements. At trial, the court had directed the district attorney to take the defendant's jury waiver regarding the prior conviction at issue. The district attorney then asked defendant: " '. . . It is my understanding that you are going to admit that . . . you were convicted . . . is that correct? [¶] The defendant: Yes. . . .' " (*Id.* at p. 415.) The court found that ". . . although the record does not reflect a model admission, appellant unequivocally expressed his intention to admit the second prior." (*Id.* at p. 422.)

Here, the only evidence of the two challenged prior convictions was the waiver forms. Nothing in the two nearly identical waiver forms constitutes an unequivocal expression of intent to plead guilty or no contest, or provides evidence that this was done in open court. The forms indicate only that appellant was informed of and knowingly waived his constitutional rights in connection with a plea that *he intended to make in the future.* There is no direct evidence in the record that appellant actually went on to enter a plea in either case.

We can only go so far in finding that the prosecution has met its burden of proving that the appellant pleaded no contest or guilty to the charges. It is difficult to understand why the prosecution in the instant case was unable to provide better evidence in this regard. All of the prior convictions were alleged to have taken place in Alameda County. If a plea of no contest or guilty was entered it would seem at very least there would have been a clerk's minute order evidencing the plea.

---

[1]Penal Code sections 1017 and 1018 require that a plea be entered by the defendant in open court.

The waiver forms themselves contemplate that appellant might not enter a plea. Each form contains the statement: "I understand that if I do not plead guilty in open court after hearing the negotiated plea, that this waiver form will be destroyed." Respondent contends, however, that this statement provides sufficient evidence that appellant entered a plea in open court. Respondent maintains that because the waiver forms were *not* destroyed, and there is a presumption "that official duty has been regularly performed" (Evid. Code, § 664) that the jury could properly conclude that appellant had pled guilty. The problem with this argument is that no evidence was presented to the jury of the practice of the courts in handling guilty pleas or in the procedure followed with respect to destroying waiver forms. Likewise, the jury received no instruction on Evidence Code section 664 in respect to the presumption of the performance of an official duty. Without such instructions or evidence, the jury could not logically reach the conclusion that the waiver forms proved the alleged prior convictions.

The judgment is reversed as to the findings that appellant suffered the first and second alleged prior felony convictions. The trial court is directed to modify the sentence and amend the abstract of judgment, deleting the findings as to the first and second alleged prior convictions and reducing the total sentence from 17 years to 12 years, and to forward a copy of the amended abstract of judgment to the Department of Corrections. In all other aspects, the judgment is affirmed.

Chin, P. J., and Corrigan, J., concurred.

A petition for a rehearing was denied September 19, 1995, and respondent's petition for review by the Supreme Court was denied November 29, 1995.