[No. B089864. Second Dist., Div. Five. Nov. 29, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
FRED L. TURNER, Defendant and Appellant.

**COUNSEL**

Melissa W. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey, Sanjay T. Kumar and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

Defendant, Fred L. Turner,[1] appeals from the judgment entered after a jury trial in which he was convicted of first degree residential robbery (Pen.

---

[1]Defendant is not related to the author of this opinion.

Code, [2] § 211) and false imprisonment by violence. (§ 236.) Defendant was found not guilty of a charge of second degree robbery in violation of section 211 in an unrelated incident. The trial court also found to be true allegations defendant had: two prior serious felony convictions within the meaning of section 667 subdivision (a)(1); two prior serious or violent felony convictions within the meaning of section 667, subdivisions (b)-(i); and served a prior prison term within the meaning of section 667.5, subdivision (b). Defendant contends the trial court erred in sentencing him under section 667, subdivisions (b)-(i) for a 1979 robbery which was not a serious or violent felony on the date of that conviction. Further, he argues the trial court erroneously used the two prior felony convictions both to impose two 5-year enhancements for prior felony convictions and to impose a twenty-five-year-to-life sentence and violated section 654. We affirm.

## II. FACTS AND PROCEDURAL BACKGROUND

Viewed in accordance with the usual rules on appeal (*Jackson* v. *Virginia* (1979) 443 U.S. 307, 319 [61 L.Ed.2d 560, 573, 99 S.Ct. 2781]; *Taylor* v. *Stainer* (9th Cir. 1994) 31 F.3d 907, 908-909; *People* v. *Bean* (1988) 46 Cal.3d 919, 932 [251 Cal.Rptr. 467, 760 P.2d 996]), the following facts were established. On April 8, 1994, David Keplar, who is mentally disabled, went to an apartment which belonged to his friend, Harry Zumwalt. There were four other people there besides Mr. Keplar and Mr. Zumwalt, one of whom was the defendant. Also present were: defendant's girlfriend, a man named Mark Sherman, and Mr. Sherman's girlfriend. After about five minutes, Mr. Zumwalt left to move his car. According to Mr. Keplar, the atmosphere in the apartment became "aggressive." Mr. Sherman told Mr. Keplar, " 'Give me a dollar so I can get a beer or something.' " Defendant also asked Mr. Keplar for money. When Mr. Keplar told them he did not have any money, defendant pushed Mr. Keplar down on the couch, climbed on top of Mr. Keplar, and once again demanded money from Mr. Keplar. After defendant pushed Mr. Keplar down, Mr. Sherman closed the curtains and the door. Mr. Keplar said he did not have any money on him but that he had some hidden in Mr. Zumwalt's car. Mr. Keplar struggled to get away. However, defendant "pinned" Mr. Keplar down on the floor, put his hands into Mr. Keplar's pocket, and pulled out a dollar. Defendant gave the dollar to Mr. Sherman. Defendant struck Mr. Keplar in the mouth. This caused Mr. Keplar's lip to bleed. Mr. Keplar was told if he went to the police he would wish he were "dead." Mr. Keplar struggled to get away because he was "scared" of defendant. Mr. Keplar did not strike back but continued to struggle to get away. As Mr. Keplar ran to the door, defendant asked Mr. Sherman to "take over." Defendant wanted to go to the car so he could get the money Mr.

[2]All further statutory references are to the Penal Code unless otherwise indicated.

Keplar had indicated was in the automobile. Mr. Sherman "took" over and was on top of Mr. Keplar. Mr. Keplar was pinned to the floor. When the telephone rang, Mr. Keplar managed to escape and ran downstairs to the apartment manager's office where the police were summoned.

The trial court sentenced defendant to a total term of 35 years to life. The sentence consisted of twenty-five-years to life under section 667, subdivisions (b)-(i) for the residential robbery and two consecutive five-year enhancements under section 667, subdivision (a)(1). The trial court stayed a midterm of two years on the felony false imprisonment by violence charge pursuant to section 654[3] and a one-year enhancement for the prior prison term pursuant to section 667.5, subdivision (b) as required by *People v. Jones* (1993) 5 Cal.4th 1142, 1152-1153 [22 Cal.Rptr.2d 753, 857 P.2d 1163].

### III. DISCUSSION

#### A. *The Applicability of the 1979 Prior Robbery Conviction Pursuant to Section 667*

■ Defendant contends the trial court erred in sentencing him under section 667, subdivisions (b)-(i) because his 1979 robbery conviction was not a serious or violent felony upon the date he committed that offense. He relies upon section 667, subdivision (d)(1) which provides in part: "Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a felony shall be defined as: [¶] (1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." Defendant asserts the foregoing language in section 667, subdivision (d) that the court must make a "determination of whether a prior conviction is a prior felony conviction" means the following. Defendant reasons section 667, subdivisions (b)-(i) does not apply to prior convictions for felonies which were not "serious" pursuant to section 1192.7, subdivision (c), which was not adopted by the electorate until June 8, 1982, as part of Proposition 8. Nor, defendant reasons, is a prior felony "violent" pursuant to section 667.5, subdivision (c) unless it was so

---

[3]The felony false imprisonment arose on the same occasion as the residential robbery. Hence, the trial judge was not required to impose a consecutive 25-year-to-life sentence. (§ 667, subd. (c)(6).)

designated upon the date of the conviction. The same contention was recently rejected in *Gonzales* v. *Superior Court* (1995) 37 Cal.App.4th 1302, 1305-1311 [44 Cal.Rptr.2d 144]. *Gonzales* concluded and we agree that the language in section 667, subdivision (d) only requires a trial court to make a determination whether as of the date of the prior conviction, the crime was a felony or a misdemeanor. (*Ibid.*; see also *People* v. *Sipe* (1995) 36 Cal.App.4th 468, 478 [42 Cal.Rptr.2d 266]; *People* v. *Green* (1995) 36 Cal.App.4th 280, 282 [42 Cal.Rptr.2d 249]; *People* v. *Anderson* (1995) 35 Cal.App.4th 587, 600-601 [41 Cal.Rptr.2d 474]; *People* v. *Reed* (1995) 33 Cal.App.4th 1608, 1611 [40 Cal.Rptr.2d 47].) In rejecting the same argument defendant raises, *Gonzales* held: "The 'determination clause' requires the ultimate sentencing court to determine whether, as of the date of a prior conviction, a prior conviction was a felony or misdemeanor. It does not require a contemporaneous determination, when the prior conviction occurred, that the conviction constituted a 'strike' or a 'serious felony' or 'violent felony.' This being the case, [section 667, subdivisions (b)-(i)] does apply to felony convictions predating March 7, 1994, which fit the definition of a 'serious felony' or 'violent felony' on the relevant date. [Section 667, subdivisions (b)-(i)] also applies to felony convictions which were neither 'serious' nor 'violent' felonies at the time of conviction, but which again fit the definition of a 'serious felony' or 'violent felony' on the relevant date. In this regard, . . . both the 'serious felony' enhancement enacted as part of Proposition 8 and the 'violent felony' prior prison term enhancement adopted as part of the determinate sentence law have been held to apply to convictions that predated their respective effective dates, where the defendant's current crime occurred after that date. Again, no plausible reason exists why the Legislature would have chosen to treat 'serious' or 'violent' felonies different [*sic*] for purposes of [section 667, subdivisions (b)-(i)] than they were treated under their own enhancement statutes." (*Gonzales* v. *Superior Court, supra,* 37 Cal.App.4th at p. 1311, fns. omitted.) We agree with our colleagues in the Fifth Appellate District which issued the well stated *Gonzales* opinion and adopt their analysis in its entirety. Likewise, in this case, we conclude section 667, subdivisions (b)-(i) are not limited to convictions that, when experienced by a felon, qualified as "serious" or "violent" felonies.[4] The pertinent issue is whether the prior crime was a "serious" or "violent" felony when the new offense for which the defendant is on trial was committed.

---

[4]Moreover, we agree with *Gonzales* that language in *People* v. *Green, supra,* 36 Cal.App.4th at page 283, to the contrary and upon which defendant relies, which suggests a court must look to determine if a prior conviction was a "serious" or "violent" felony at the time of the conviction, is obiter dictum. (*Gonzales* v. *Superior Court, supra,* 37 Cal.App.4th at p. 1311.) *Green* did not consider whether section 667, subdivisions (b)-(i) could apply to convictions that were felonies, but predated the "serious felony" and "violent felony" enhancement laws. In *Green,* the prior burglary conviction occurred in 1987 after the adoption of Proposition 8 and the Determinate Sentencing Law.

## B. *The Propriety of the Two 5-year Enhancements*

 Defendant also claims that the trial court could not impose the two 5-year enhancements in addition to the twenty-five-year-to-life sentence. He argues that the 25-year-to-life sentencing scheme is an alternative to a determinate term, where the 5-year enhancements can be imposed. Section 667, subdivision (a)(2) which was originally adopted on June 2, 1982, by the voters as part of Proposition 8 and prior to the adoption of section 667, subdivisions (b)-(i), states, "This subdivision shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment." Defendant relies upon this single sentence in the midst of a lengthy sentencing statute to support his contention that a judge may never impose any five-year enhancement when a defendant is sentenced to a term of twenty-five years to life pursuant to section 667, subdivisions (b)-(i). Defendant cites no legislative committee or counsel reports in support of his contention.

Defendant's contention raises an issue of statutory construction. We must interpret section 667 to carry out the Legislature's intent. Our Supreme Court has noted: "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent." (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826 [25 Cal.Rptr.2d 148, 863 P.2d 218]; *People* v. *Jones, supra,* 5 Cal.4th at p. 1146.) Further, our Supreme Court has noted: " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . .' " (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) However, the literal meaning of a statute must be in accord with its purpose as our Supreme Court noted in *Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 658-659 [25 Cal.Rptr.2d 109, 863 P.2d 179] as follows: "We are not prohibited 'from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the [statute] . . . .' " In *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299], our Supreme Court added: "The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders

related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in light of the statutory scheme [citation] . . . ."

■ A commonsense statutory construction leads to the conclusion that the two 5-year section 667, subdivision (a) enhancements should apply to defendant. To begin with, there is language in section 667 which indicates a legislative intent to have the five-year enhancement apply to defendant. Section 667, subdivision (e) provides in pertinent part, "For purposes of subdivisions (b) to (i), inclusive, *and in addition to any other enhancement or punishment provisions which may apply*, the following shall apply where a defendant has a prior felony conviction . . . ." No doubt, the language in subdivision (a)(2), which supports defendant's position is in conflict with section 667, subdivision (e), thereby creating an ambiguity in section 667 as to whether a five-year enhancement is applicable to a twenty-five-year-to-life habitual offender sentence. Hence, reference to legislative intent materials is appropriate given the ambiguity in the statute. (*Delaney* v. *Superior Court, supra,* 50 Cal.3d at p. 800; *Pollack* v. *Department of Motor Vehicles* (1985) 38 Cal.3d 367, 372-373 [211 Cal.Rptr. 748, 696 P.2d 141].) This apparent ambiguity was considered by the Legislature prior to the final adoption of section 667. In response to a request for analysis by Assemblymember Richard K. Rainey, the Office of Legislative Counsel in a letter dated February 16, 1994, stated: "Given the plain language of A.B. 971, it is abundantly clear that the Legislature intends the sentencing provisions proposed by A.B. 971 to apply '*in addition to* any other enhancement or punishment provisions which may apply' (proposed subd. (e), Sec. 667 (italics added)), including the enhancement provisions set forth in subdivision (a) of Section 667." (Ops. Cal. Legis. Counsel, No. 5794, in letter to Hon. Richard K. Rainey (Feb. 16, 1994) Assem. Bill No. 971, p. 2.; *People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 571 [39 Cal.Rptr.2d 374].)

■ Utilization of a legislative counsel opinion is appropriate in construing a statute. (*California Assn. of Psychology Providers* v. *Rank* (1990) 51 Cal.3d 1, 17 [270 Cal.Rptr. 796, 793 P.2d 2]; *Franklin* v. *Appel* (1992) 8 Cal.App.4th 875, 890 [10 Cal.Rptr.2d 759]; accord *Grupe Development Co.* v. *Superior Court* (1993) 4 Cal.4th 911, 922 [16 Cal.Rptr.2d 226, 844 P.2d 545].) ■ A report prepared for the Senate Committee on the Judiciary in connection with Assembly Bill No. 971 indicated that when there were two prior serious or violent felony convictions the sentence would be "an indeterminate life sentence, with a base of at least 25 years." (See Rep. prepared for the Sen. Com. on Judiciary (Assem. Bill No. 971 (1993-1994 Reg. Sess.) Feb. 17, 1994, p. 10.) The reference to a "base of at least 25 years" is consistent with the intention that the maximum would not be, as asserted by defendant, one of merely 25 years to life. Our review of the legislative history materials has failed to find any committee reports which

indicated that when a 25-year-to-life sentence was imposed, no 5-year enhancement could be imposed.

Further, there is nothing in the language or voter intent materials for Proposition 184, which adopted section 1170.12, which supports defendant's contention that five-year prior conviction enhancements cannot be imposed in addition to a twenty-five-year-to-life habitual offender sentence. If Proposition 184 adopted defendant's analysis, he would be entitled to the benefit of the change in the law which occurred during the pendency of the appeal. (*People* v. *Babylon* (1985) 39 Cal.3d 719, 722 [216 Cal.Rptr. 123, 702 P.2d 205]; *People* v. *Rossi* (1976) 18 Cal.3d 295, 299-304 [134 Cal.Rptr. 64, 555 P.2d 1313].) The analysis by the Legislative Analyst in the Proposition 184 voter pamphlet indicated that when a defendant has two prior serious or violent convictions the sentence to be imposed was as follows, "Life sentence of at least 25 years." (See Ballot Pamp., analysis of Prop. 184 by Legis. Analyst, Gen. Elec. (Nov. 8, 1994) p. 34.) The language referring to "at least 25 years" is consistent with the availability of additional periods of incarceration. Finally, the voter pamphlet stated that Proposition 184 reaffirmed the earlier amendments to section 667 which we have previously noted allowed for the imposition of enhancements when the accused receives a sentence of 25 years to life. Specifically, the voter pamphlet indicated: "This measure proposes amendments to state law that are identical to a law enacted by the Legislature and signed by the Governor in March 1994." (See Ballot Pamp., analysis of Prop. 184 by Legis. Analyst, Gen. Elec. (Nov. 8, 1994) p. 33.) Accordingly, the two 5-year enhancements were properly imposed in the present case.

Finally, our analysis is consistent with the views expressed in two other Court of Appeal opinions. In *People* v. *Ramirez, supra,* 33 Cal.App.4th at pages 566-569, this court held that a five-year enhancement could be imposed when an enhanced sentence was imposed because the accused had experienced only a single prior serious felony conviction. Further, in *People* v. *Cartwright* (1995) 39 Cal.App.4th 1123, 1137-1139 [46 Cal.Rptr.2d 351], our colleagues in the Third Appellate District held that a defendant who received a 25-year-to-life sentence pursuant to section 667, subdivisions (b)-(i) could also receive the 5-year enhancements mandated by section 667, subdivision (a). We adopt by reference our colleagues' well stated and correct analysis as articulated in *Cartwright.* (39 Cal.App.4th at pp. 1137-1139.) Hence, defendant's argument in the present case that he may not receive the two additional five-year enhancements is without merit. (Accord, *People* v. *Goodloe* (1995) 37 Cal.App.4th 485, 493 [44 Cal.Rptr.2d 15].)

C. *Section 654*

■ Defendant asserts that the dual use of the same prior felony convictions to impose both the life sentence under section 667, subdivisions (b)-(i)

and the five-year enhancements under section 667, subdivision (a), violates section 654. However, it has been held that section 654 is not violated by imposing either the double term for a single prior conviction (*People* v. *Ramirez, supra,* 33 Cal.App.4th at p. 573 [Legislature created express exception to section 654]) or the life term for one or more prior convictions (*People* v. *Cartwright, supra,* 39 Cal.App.4th at p. 1139 [section 654 inapplicable because it prohibits double punishment for the same act or omission, prior conviction establishes status as recidivist and does not involve an act within the meaning of section 654]). No section 654 violation has occurred.

## IV. DISPOSITION

The judgment is affirmed.

Grignon, J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 28, 1996.