Opinion
 

 NOTT, J.
 

 George Donald Moenius was convicted by a jury of one count of possession of heroin. (Health & Saf. Code, § 11350, subd. (a).) The trial
 
 *822
 
 court found that he had been convicted of burglary (Pen. Code, § 459) in 1974 and 1991. After determining that both burglary convictions were qualifying prior felony convictions under the legislative version of the three strikes law (Pen. Code, § 667, subds. (b)-(i)), the trial court sentenced him to a prison term of 25 years to life. He appealed from the judgment.
 
 [1]
 

 On January 24, 1996, we affirmed the judgment. The Supreme Court subsequently granted review and transferred the matter to this court with directions to reconsider the case in light of
 
 People
 
 v.
 
 Superior Court
 
 (Romero) (1996) 13 Cal.4th 497, 530, footnote 13 [53 Cal.Rptr.2d 789, 917 P.2d 628],
 
 People
 
 v.
 
 Fuhrman
 
 (1997) 16 Cal.4th 930, 944 [67 Cal.Rptr.2d 1, 941 P.2d 1189], and a portion of the reporter’s transcript in which the trial court expressed the view that it had no discretion to vacate a qualifying prior felony conviction finding under the three strikes law on its own motion in the furtherance of justice.
 

 Facts
 

 On June 2, 1994, appellant bought some heroin, he went into a van with his brother, and, after preparing or having the heroin prepared for injection, appellant was apprehended by police while he was on top of a hypodermic syringe containing the heroin. Inside the syringe was approximately .5 milliliter of a liquid containing heroin.
 

 Contentions
 

 Appellant contends that there was insufficient evidence to establish that his 1974 burglary conviction was for residential burglary and that the trial court erred in determining that the 1974 burglary conviction was a qualifying prior felony conviction under the three strikes law, since the burglary was committed before the effective date of Penal Code section 1192.7. In the published portion of this opinion, we reject both contentions.
 

 Appellant further contends that the trial court erred in concluding it had no discretion to vacate one of the findings of appellant’s qualifying prior felony convictions under the three strikes law on its own motion in the furtherance of justice and that appellant’s sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution
 
 *823
 
 and cruel or unusual punishment in violation of article I, section 17, of the California Constitution. In the portion of the opinion that is not certified for publication, we conclude that the matter must be remanded to enable the trial court to exercise its discretion whether to vacate one or both of the findings of the qualifying prior felony convictions under the three strikes law on its own motion in the furtherance of justice. Because the matter must be remanded, we do not decide whether the sentence of 25 years to life constitutes cruel and unusual punishment in violation of the Eighth Amendment or cruel or unusual punishment in violation of the California Constitution.
 

 Discussion
 

 1.
 
 Qualifying Status of the 1974 Burglary Conviction
 

 Penal Code section 667, subdivision (d), provides in pertinent part: “Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a felony shall be defined as: [H (1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed
 
 unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor.
 
 None of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive: [f] (A) The suspension of imposition of judgment or sentence. [<]Q (B) The stay of execution of sentence. [*]D (C) The commitment to the State Department of Health Services as a mentally disordered sex offender following a conviction of a felony. [U (D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison. . . .” (Italics added.)
 

 Penal Code section 667, subdivision (h), provides: “All references to existing statutes in subdivisions (c) to (g), inclusive, are to statutes as they existed on June 30, 1993.” On that date, Penal Code section 1192.7, subdivision (c)(18), provided that “burglary of an inhabited dwelling house, or trailer coach as defined by the Vehicle Code, or inhabited portion of any other building” was a serious felony.
 
 [2]
 

 In deciding whether substantial evidence supports the trial court’s finding that appellant’s 1974 burglary conviction was a qualifying prior felony
 
 *824
 
 conviction under the three strikes law, we view the evidence in the light most favorable to the trial court’s finding. (See
 
 People
 
 v.
 
 Jones
 
 (1995) 37 Cal.App.4th 1312, 1315 [44 Cal.Rptr.2d 552].)
 

 The information alleged that appellant was convicted of the crime of residential burglary in 1974 in People v. Moenius (Super. Ct. L.A. County, 1974, No. AO14636) and that the conviction was a qualifying prior felony conviction under the three strikes law. The portion of the trial regarding the prior convictions was held on November 11, 1994. To prove that appellant sustained a qualifying prior felony conviction in 1974, the prosecution introduced certified copies of the information in No. A014636, the minute order of the hearing at which appellant pled guilty in that case, the minute order of the sentencing hearing, and a chronological index of the court proceedings in that case. The information in No. AO14636 alleged that between March 23,1974, and March 25,1974, appellant committed burglary by “willfully entering] the residence and building occupied by Agnes C. Marshall . . . with the intent then and there and therein unlawfully and feloniously to commit a felony and theft.” The information contained only one count. On April 25, 1974, appellant pled guilty in that case. The minute order regarding his guilty plea stated that appellant pled guilty “To Violation of Section [] 459 Penal Code, in the 2nd Degree in Count # 1.”
 

 On June 3, 1974, imposition of sentence was suspended, and appellant was granted probation for a period of three years on various conditions, including a condition that he spend sixty-nine days in county jail, that he cooperate with the probation officer in a plan for psychiatric, psychological, or other treatment, and that he enter and remain in a long-term drug rehabilitation program.
 
 [3]
 
 Long Beach Police Sergeant Robert Gillissie testified that he has known appellant and appellant’s twin brother for more than 20 years, that on March 28, 1974, he arrested appellant for burglary, and that, as a result of the arrest, appellant was charged with residential burglary in No. A014636.
 

 Based on the evidence that the information alleged that appellant committed burglary of the “residence and building occupied by [the victim]” and that appellant pled guilty to second degree burglary and based on the lack of any evidence that the information was amended before appellant pled guilty, the trial court found that the 1974 conviction was for “residential burglary”
 
 *825
 
 and that it was a qualifying prior felony conviction under the three strikes law.
 
 [4]
 

 In 1974, a burglary of an inhabited dwelling house or building committed during the day without being armed with a deadly weapon and without assaulting anyone was second degree burglary. (Stats. 1955, ch. 941, § 1, p. 1827.) The allegation in the information charging appellant with the 1974 burglary that the burglary was of a residence and building occupied by the victim and the minute order indicating that appellant pled guilty to that charge as second degree burglary constituted substantial evidence that appellant’s 1974 conviction was for “burglary of an inhabited dwelling house ... or inhabited portion of any other building” (Pen. Code, § 1192.7, subd. (c)(18)). (See
 
 People
 
 v.
 
 Guerrero
 
 (1988) 44 Cal.3d 343, 345, 355-356 [243 Cal.Rptr. 688, 748 P.2d 1150];
 
 People
 
 v.
 
 Harrell
 
 (1989) 207 Cal.App.3d 1439, 1444-1446 [255 Cal.Rptr. 750].) Since the information in No. A014636 alleged that appellant burglarized the residence and building occupied by the victim and since the trial court in the present case found that appellant had pled guilty to burglary as alleged in that information, the trial court’s finding that the 1974 conviction was a conviction for residential burglary was equivalent to a finding that the 1974 conviction was for the burglary of an inhabited dwelling house or the inhabited portion of any other building. (See
 
 People
 
 v.
 
 Harrell, supra,
 
 207 Cal.App.3d at pp. 1444-1446;
 
 People
 
 v.
 
 Deay
 
 (1987) 194 Cal.App.3d 280, 284 [239 Cal.Rptr. 406].)
 

 Penal Code section 1192.7 was added by the passage of the initiative measure Proposition 8 in the June 8, 1982, election. Although appellant concedes that some prior convictions that occurred before the effective date of the three strikes law may qualify as strikes, he contends that his 1974 burglary conviction does not qualify as a strike because it was sustained before the effective date of Penal Code section 1192.7. In support of this contention, appellant relies on our statement in
 
 People
 
 v.
 
 Green
 
 (1995) 36 Cal.App.4th 280 [42 Cal.Rptr.2d 249] that “[w]e . . . interpret the phrase in [Penal Code] section 667, subdivision (d)(1) that ‘[t]he determination [as to whether a prior offense qualifies as a “strike”] . . . shall be made upon the
 
 *826
 
 date of that conviction’ to mean that the court is presently required to look backward to see if, at the time of the conviction of the past offense, such past offense qualified as a serious or violent offense under [Penal Code] section 1192.7, subdivision (c) or [Penal Code] section 667.5, subdivision (c).”
 
 (Id.
 
 at p. 283.) Appellant misreads our holding.
 

 In
 
 People
 
 v.
 
 Green, supra,
 
 36 Cal.App.4th at pages 282-283, we held that a prior serious or violent felony conviction that occurred before the effective date of the three strikes law may qualify as a strike. We observed that to interpret subdivision (d)(1) as precluding prior offenses that occurred before the effective date of the three strikes law from qualifying as strikes would “lead to an irrational result and frustrate the intent of the Legislature to initiate an immediate plan of severe punishment for repeat offenders.”
 
 (People
 
 v.
 
 Green, supra,
 
 36 Cal.App.4th at p. 283.) Because the prior burglary conviction in that case occurred in 1987, after the effective date of Penal Code section 1192.7, we were not presented with and did not decide the issue of whether a prior serious felony conviction sustained before the effective date of Penal Code section 1192.7 could constitute a strike under the three strikes law.
 

 In
 
 Gonzales
 
 v.
 
 Superior Court
 
 (1995) 37 Cal.App.4th 1302,1306-1311 [44 Cal.Rptr.2d 144], the Fifth Appellate District held that prior serious felony convictions sustained before the effective date of Penal Code section 1192.7 may qualify as strikes. The court stated: “The Three Strikes law . . . applies to felony convictions which were neither ‘serious’ nor ‘violent’ felonies at the time of conviction, but which ... fit the definition of a ‘serious felony’ or ‘violent felony’ on the relevant date [June 30, 1993].”
 
 (Gonzales
 
 v.
 
 Superior Court, supra, 37
 
 Cal.App.4th at p. 1311.)
 
 [5]
 
 The court explained that Penal Code section 667, subdivision (d)(1), does not require a contemporaneous characterization of a conviction as a serious or violent felony conviction.
 
 (Gonzales
 
 v.
 
 Superior Court, supra,
 
 37 Cal.App.4th at p. 1308.) Subdivision (d)(1) ensures that, unless at the initial sentencing the court determined that the crime was a misdemeanor, postconviction events will not transform a felony into a misdemeanor.
 
 (Gonzales
 
 v.
 
 Superior Court, supra,
 
 37 Cal.App.4th at p. 1308; accord,
 
 People
 
 v.
 
 Sipe
 
 (1995) 36 Cal.App.4th 468, 478 [42 Cal.Rptr.2d 266];
 
 People
 
 v.
 
 Anderson
 
 (1995) 35 Cal.App.4th 587, 600-601 [41 Cal.Rptr.2d 474].) In
 
 People
 
 v.
 
 Turner
 
 (1995) 40 Cal.App.4th 733, 738-739 [47 Cal.Rptr.2d 42], Division Five of this court
 
 *827
 
 cited
 
 Gonzales
 
 and held that a 1979 robbery conviction qualified as a prior strike under the three strikes law.
 
 [6]
 
 Division Four of this court followed
 
 Gonzales
 
 in
 
 People
 
 v.
 
 Butler
 
 (1996) 43 Cal.App.4th 1224, 1246-1247 [51 Cal.Rptr.2d 150], and, in
 
 People
 
 v.
 
 Nava
 
 (1996) 47 Cal.App.4th 1732, 1737-1738 [55 Cal.Rptr.2d 543], the Fifth Appellate District applied the reasoning of
 
 Gonzales
 
 in construing section 2 of Proposition 184.
 

 Based on the reasoning of
 
 Gonzales,
 
 we hold that a prior serious felony conviction sustained before the effective date of Penal Code section 1192.7 may qualify as a strike. Because substantial evidence supports the trial court’s finding that appellant’s 1974 burglary conviction was for the burglary of a building that was a residence and on June 30, 1993, burglary of an inhabited dwelling house or inhabited portion of any other building was a serious felony, the trial court properly determined that the 1974 conviction was a qualifying prior felony conviction under the three strikes law.
 

 2.
 
 Discretion to Vacate Qualifying Prior Felony Conviction
 
 Findings
 
 *
 

 Disposition
 

 The judgment of conviction is affirmed. The judgment sentencing appellant to a prison term of 25 years to life is reversed, and the matter is remanded for resentencing to enable the trial court to exercise its discretion whether to vacate one or both of the qualifying prior felony conviction findings under the three strikes law on its own motion in the furtherance of justice.
 

 Boren, P. J., and Zebrowski, J., concurred.
 

 [1]
 

 Subdivisions (b) through (i) of Penal Code section 667 were enacted as urgency legislation, effective March 7, 1994. In the November 8, 1994, General Election, Proposition 184, the three strikes initiative, was approved by the voters. The three strikes initiative is codified as Penal Code section 1170.12, which contains provisions that are virtually identical to provisions of Penal Code section 667, subdivisions (b) through (i). The present offense occurred after the effective date of the legislative version of the three strikes law but before passage of Proposition 184.
 

 [2]
 

 Although Penal Code section 1192.7 was amended in 1993, those amendments did not affect subdivision (c)(18) of that section.
 

 [3]
 

 The record does not reflect and appellant does not contend that the trial court declared the 1974 burglary to be a misdemeanor when it granted probation.
 

 [4]
 

 The trial court stated: “I don’t need to know that the building indeed was occupied by an Agnes [Marshall], flD I need to know that it was a residential burglary that was charged and that there was a plea to ... a burglary in the second degree and a sentence pronounced thereon. [U Now, I have no reason to believe that this was not an admission to a residential burglary. There’s nothing in the documents indicating that that part of it was excised. . . . [F]rom time to time we get amended informations. Typically what we are talking about is amending the name, but rarely, once in a while[,] we also amend the body of an information to reflect that which is being admitted or we reflect... the difference between that which is being admitted and the charging allegations in the information somewhere. HQ And since there isn’t that in any of these documents, I infer that what he admitted was a residential burglary.”
 

 [5]
 

 The court noted that subdivision (h) of the legislative version of the three strikes law “freezes the list of qualifying felonies as of June 30,1993. [Citation.]”
 
 (Gonzales
 
 v.
 
 Superior Court, supra,
 
 37 Cal.App.4th at p. 1311, fn. 7.) The initiative version of the three strikes law also provides: “All references to existing statutes are to statutes as they existed on June 30, 1993.” (Ballot Pamp., Gen. Elec. (Nov. 8, 1994) text of Prop. 184, §2, p. 65.)
 

 [6]
 

 In
 
 Turner,
 
 the court stated: “[W]e conclude section 667, subdivisions (b)-(i) are not limited to convictions that, when experienced by a felon, qualified as ‘serious’ or ‘violent’ felonies. The pertinent issue is whether the prior crime was a ‘serious’ or ‘violent’ felony when the new offense for which the defendant is on trial was committed.”
 
 (People
 
 v.
 
 Turner, supra,
 
 40 Cal.App.4th at p. 739, fn. omitted.) As the
 
 Gonzales
 
 court noted, however, in view of the language in Penal Code section 667, subdivision (h), the pertinent issue is whether the prior crime was a serious or violent felony on June 30,1993.
 
 (Gonzales
 
 v.
 
 Superior Court, supra,
 
 37 Cal.App.4th at p. 1311.)
 

 *
 

 See footnote,
 
 ante,
 
 page 820.