Filed 6/10/22  P. v. Phillips CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075259 |
| v. | (Super.Ct.No. BAF1901160) |
| JEREMY NEIVES PHILLIPS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Alfonso Fernandez, Judge. (Retired judge of the Santa Clara County Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Brett Harding Duxbury, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney

1

General, Arlene A. Sevidal, Andrew Mestman and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

The jury convicted Jeremy Phillips of mayhem and assault with a deadly weapon for bludgeoning his friend in the face with a hammer. The jury also found two enhancement allegations true: that Phillips had used a deadly or dangerous weapon in committing mayhem and had inflicted great bodily injury in committing the assault. The trial judge imposed a sentence of 26 years to life for the mayhem conviction plus 15 years for three prior serious felony convictions, for a total term of 41 years to life. The judge imposed and stayed a sentence of 28 years to life for the assault conviction under Penal Code section 654 because it arose from the same act as the mayhem conviction.[1]

On appeal, Phillips argues we must reverse the one-year deadly weapon enhancement for the mayhem charge because the instructions allowed the jury to find the allegation true based on the legally invalid theory that the hammer was an *inherently* deadly weapon, as opposed to deadly *as used*. We conclude the error was harmless beyond a reasonable doubt because the record demonstrates the jury convicted Phillips under the valid, as-used theory. Phillips also raises two challenges to his sentence under the "Three Strikes" law, but we find both arguments meritless. Finally, we reject Phillips's request, in supplemental briefing, to remand his case for resentencing under the recent amendment to section 654 that eliminated the requirement of imposing the longest applicable sentence. Because the judge imposed the shorter of the two applicable

---

[1] Unlabeled statutory citations refer to the Penal Code.

2

sentences, he has already received any benefit the new law could provide him. We therefore affirm the judgment.

# I

## FACTS

Phillips and the victim, Charles, were close friends for over 20 years who viewed each other as family. On January 16, 2019, Charles was staying at Phillips's cousin Breanna's apartment when Phillips brutally attacked him with a hammer while he was sleeping. Charles was able to escape after several blows and get to the hospital, but his face was badly injured and his left eye had to be removed.

At trial, Charles and Breanna were uncooperative witnesses and claimed not to remember anything about the incident. As a result, the prosecution presented evidence that they both identified Phillips as the attacker in their police interviews at the hospital shortly after the incident. Charles said he'd gone to sleep on Breanna's couch, and the next thing he knew, Phillips was hitting him in the face with a hammer and screaming "get the fuck out." Breanna said when she had arrived home that evening Phillips was in the kitchen cleaning the CPAP machine Charles used for his sleep apnea. She said there was blood on the walls and Phillips made a punching motion with his hand when she asked what had happened. She saw him leave her apartment with a bloodstained pillowcase and a hammer. When Charles's sister visited him in the hospital, he told her Phillips had attacked him while he was sleeping. She urged him to tell the police, but he said he didn't want to be a "snitch" and was afraid Phillips would retaliate.

3

The jury convicted Phillips of one count of mayhem with a dangerous weapon enhancement (§§ 203, 12022, subd. (b)(1)) and one count of aggravated assault with a great bodily injury enhancement (§§ 245, subd. (a)(1), 12022.7, subd. (a)). In a bifurcated bench trial, Riverside County Superior Court Judge Alfonso Fernandez found Phillips had six prior prison terms and three prior strike convictions, which also qualified as serious felony convictions (§ 667, subd. (a))—robbery, dissuading a witness, and attempted carjacking. As noted, the judge imposed a total sentence of 41 years, composed of 25 years to life for the mayhem count plus one year for the deadly weapon enhancement plus three five-year terms for the serious felony convictions. The judge struck the prison prior enhancements and imposed but stayed the 28-year aggravated assault sentence under section 654.

## II

## ANALYSIS

A.    *Deadly Weapon Instruction*

When instructing the jury on the deadly weapon allegation for the mayhem charge, the trial judge gave a version of CALCRIM No. 3145 that mentioned an inherently deadly weapon despite the fact a hammer is not an inherently deadly weapon as a matter of law. The instruction said:

"If you find the defendant guilty of the crime charged in Count 1 of mayhem, you must then decide whether the People have proved the additional allegation that the defendant personally used a deadly or dangerous weapon during the commission of that

4

crime. You must decide whether the People have proved this allegation for each crime and return a separate finding for each crime. [¶] A deadly or dangerous weapon is any object, instrument, or weapon that is *inherently deadly or dangerous* or one that is used in such a way that it is capable of causing and likely to cause death or great bodily injury." (Italics added.)

The parties agree it was legal error not to omit the italicized language from the instruction because a hammer, which "can be, and usually is, used for innocent purposes, it is not among the few objects that are inherently deadly weapons." (*People v. Aledamat* (2019) 8 Cal.5th 1, 6; see also *People v. Stutelberg* (2018) 29 Cal.App.5th 314, 317-318 [inclusion of inherently deadly weapon language in case involving a box cutter was error].) As a result of this error, the instruction allowed the jury to find the allegation true based on both a valid theory (that Phillips used the hammer in a manner likely to cause great bodily injury) and an invalid theory (that the hammer was inherently deadly). The question is whether this error requires reversal. We conclude it does not.

When an instruction permits the jury to find a defendant guilty on both legally valid and invalid theories, the standard for prejudice is whether—"after examining the entire cause, including the evidence, and considering all relevant circumstances"—we can conclude the error was "harmless beyond a reasonable doubt." (*People v. Aledamat*, *supra*, 8 Cal.5th at pp. 3-4.) "'If other aspects of the verdict or the evidence leave no reasonable doubt that the jury made the findings necessary [with respect to the element of the crime at issue], the erroneous . . . instruction [on that element] was harmless.'"

5

(*People v. Brown* (2012) 210 Cal.App.4th 1, 12 (*Brown*).) ""To say that an error did not contribute to the verdict . . . is . . . to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record."" (*Ibid.*)

*Stutelberg* is instructive. In that case, the court concluded the failure to omit the reference to an inherently dangerous weapon from the instruction on aggravated assault (with a box cutter) was harmless beyond a reasonable doubt because the evidence "clearly" supported an as-used theory. That is, it was undisputed the defendant had used a box cutter to "slice[] the back of [the victim's] head from her left temple to the bottom of her hairline" (but the defendant claimed he had done so in self-defense). (*People v. Stutelberg*, *supra*, 29 Cal.App.5th at p. 321.) The court also found it significant to the prejudice analysis that the prosecutor had relied solely on the as-used theory during closing argument, not even so much as implying the box cutter was an inherently deadly weapon. (*Id.* at p. 322; see also *Brown*, *supra*, 210 Cal.App.4th at p. 13 [same error in the instruction on aggravated assault with a BB gun deemed harmless because the prosecutor relied on an as-used theory only and record contained "ample evidence" supporting that theory].)

The same is true here. The evidence about the *nature* of the attack was undisputed—Charles was struck several times in the face and head with a hammer. The dispute was over the motive for the attack and whether Phillips had been the attacker. And, because the prosecution relied solely on an as-used theory to convict Phillips, the only reference to an inherently deadly weapon at trial came from the instructions. Under

6

these circumstances, we are persuaded beyond a reasonable doubt that the instructional error was unimportant in relation to everything else the jury considered.[2]

B.    *Strike Convictions*

Phillips argues the finding that he suffered three separate prior strike convictions—for robbery, dissuading a witness, and attempted carjacking—is not supported by substantial evidence. We disagree.

On a claim of insufficient evidence we review the evidence in the light most favorable to the judgment to determine whether "*any* rational trier of fact" could have found the challenged finding true beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319; *People v. Johnson* (1980) 26 Cal.3d 557, 575-578.) If the evidence is subject to differing inferences, we assume the trier of fact resolved all conflicting inferences in favor of the judgment, and we will not reverse unless the defendant can show there's insufficient evidence to support the finding under *any hypothesis*. (*People v. Cravens* (2012) 53 Cal.4th 500, 508; *Jackson v. Virginia*, at p. 326.) This standard applies to prior strike findings. (*People v. Roberts* (2011) 195 Cal.App.4th 1106, 1132-1133; *People v. Moenius* (1998) 60 Cal.App.4th 820, 823-824.)

Phillips's claim of insufficient evidence is based on the rule that multiple convictions "arising out of a single act against a single victim" count as one strike. (*People v. Vargas* (2014) 59 Cal.4th 635, 637.) He argues that because the prosecution

---

[2] Though the parties don't discuss it, the aggravated assault instruction contained the same language regarding an inherently deadly weapon, but it's harmless for the same reason.

presented only the fact of the convictions and no evidence of the details of the underlying offenses, it's "possible" that two of his three prior offenses arose from the same act against the same victim.

Phillips is wrong; there is no scenario in which any of his prior strike offenses arise from the same act. This is because there is no overlap between the elements of his three prior offenses. Attempted carjacking requires an *attempt* to steal a *vehicle* (§§ 664, 215, subd. (a)), robbery requires a *completed* theft (§ 211), and dissuasion requires nontheft conduct designed to prevent a person from reporting a crime (§ 136.1, subd. (b)). That we don't know the specific details of the convictions doesn't matter because no one act could constitute more than one of those offenses.

C. *Romero Motion*

Phillips argues the judge abused his discretion by denying his motion to dismiss one or more of his strike convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). Again, we disagree.

Section 1385, subdivision (a) grants a trial judge discretion to strike "prior felony conviction allegations in furtherance of justice." (*Romero*, *supra*, 13 Cal.4th at p. 530.) To make this decision, the judge balances the constitutional rights of the defendant, including the right to avoid disproportionate punishment, against society's legitimate interest in the fair prosecution of properly charged crimes. (*Id.* at pp. 530-531.) The judge "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions . . . the defendant may be deemed

8

outside the [Three Strikes law's] spirit . . . and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

The Three Strikes law is designed to "punish repeat criminal offenders severely" and "drastically curtail a sentencing court's ability to reduce the severity of a sentence." (*People v. Vargas*, *supra*, 59 Cal.4th at p. 641.) Trial judges must apply the law when a defendant has two or more prior strikes unless they can articulate why the defendant lies outside the spirit of the law. (*People v. Williams*, *supra*, 17 Cal.4th at p. 162.) We review such decisions for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.)

Before sentencing, Phillips filed a *Romero* motion asking the judge to dismiss two of his three prior strikes because the convictions were 10 years old. He also presented evidence he was the father of a young boy and had support from friends, family, and even one of his parole agents.

After reviewing all of the relevant information, the judge denied the motion, concluding Phillips's current offenses, criminal history, and poor behavior on probation and parole placed him squarely within the Three Strikes law. We conclude this decision fell well within the bounds of reason. Phillips's record shows he's been consistently committing serious crimes since he was a minor and has numerous probation and parole violations. And most importantly, while his strike convictions may have been a decade old, he'd been out of custody only 17 days when he committed the current offense, which

was particularly vicious and brutal. Under these circumstances, denying the *Romero* motion was not an abuse of discretion.

###### D. *Assembly Bill No. 518*

At the time of Phillips's sentencing, section 654 required trial judges to punish an act that was punishable in different ways by different laws "under the provision that provides for the *longest* potential term of imprisonment." (Former § 654, subd. (a); Stats. 1997, ch. 410, § 1.) Effective January 1, 2022, Assembly Bill No. 518 amended section 654 to authorize trial judges to punish an "act or omission that is punishable in different ways by different provisions of law . . . under *either* of such provisions." (Italics added.) While this appeal was pending, Phillips filed a supplemental brief seeking resentencing on his assault and mayhem convictions under the recent amendment to section 654.

We conclude remand isn't appropriate. Phillips's sentence for mayhem was 25 years to life plus one year (for the deadly weapon enhancement), and his sentence for aggravated assault was 25 years to life plus three years (for the great bodily injury enhancement). Of these two sentences, the trial judge imposed the shorter one, for mayhem. The parties correctly agree Assembly Bill No. 518 applies retroactively to his nonfinal judgment allowing the judge to impose the shorter sentence; however, Phillips stands to gain nothing from remand because he has already obtained any benefit of the new law due to the original sentencing error. We therefore deny his request.

# III

## DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
Acting P. J.

We concur:

RAPHAEL
J.

MENETREZ
J.

11