[No. B087613. Second Dist., Div. Four. Jan. 31, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
DONNELL E. NELSON, Defendant and Appellant.

COUNSEL

Julie Sullwold Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Linda C. Johnson, Sanjay T. Kumar and B. Kathleen Blanchard, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

RUBIN, J.*—Defendant Donnell E. Nelson appeals from a conviction of residential burglary in violation of Penal Code section 459.[1] The only assertions of error involve the sentence he received and consist of a multifaceted attack on the use of a prior serious felony in the calculation of that sentence. Defendant's arguments have been considered and rejected in several opinions of various appellate courts, for reasons which we find persuasive.

Accordingly, we affirm.

---

*Judge of the Municipal Court for the Santa Monica Judicial District sitting under assignment by the Chairperson of Judicial Council.

[1]All statutory references are to the Penal Code.

## I.

### Statement of Case

Defendant was charged with first degree residential burglary, arising out of an incident which took place on March 21, 1994. It was also alleged that defendant suffered two prior serious felonies, both residential burglaries (A378690, A090990), and had served prison terms for first degree burglary (A090990), grand theft person (A340870) and receiving stolen property (BA062062).

Defendant was found guilty of the burglary count following trial by jury. Jury was waived on the priors; the court found each to be true except for A378690, one of the residential burglaries.

The court sentenced defendant to nineteen years in state prison, calculated as follows: the upper term of six years for the base term on the count of residential burglary, plus six years pursuant to section 667, subdivision (e)(1), plus five years for the prior residential burglary under section 667, subdivision (a)(1), plus two 1-year terms under section 667.5, subdivision (b) for the prior prison terms for grand theft person and receiving stolen property. Defendant does not contest the propriety of the two 1-year prison enhancements, but contends the court made improper use of the prior serious felony.

## II.

### Discussion

The principal argument on appeal is that the trial court erred in using defendant's prior residential burglary (A090990) both as a "second strike" under section 667, subdivision (e)(1) and also as a "five-year enhancement" under section 667, subdivision (a).[2] Defendant also argues that the prior burglary is not a strike because it occurred in 1985, prior to the effective date of the three strikes law.

---

[2]Section 667, subdivision (a) provides in part: "(1) In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively. [¶] (2) This subdivision shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this subdivision to apply."

## A. *Dual Use of the Five-year Prior Conviction*

Defendant advances three theories in support of his argument that a prior serious felony cannot be used both as a strike under section 667, subdivision (e)(1) and as an enhancement under section 667, subdivision (a). First, as a matter of statutory construction, section 667 does not permit such dual use. Second, it is barred under the rule prohibiting dual use of enhancements. Third, it is precluded by operation of section 654.

### 1. *The Meaning of Section 667.*

■ The argument that section 667 itself prohibits the dual use of a prior felony as a strike and as an enhancement has been repeatedly rejected in a variety of settings. (See, e.g., *People* v. *Turner* (1995) 40 Cal.App.4th 733 [47 Cal.Rptr.2d 42] [third strike]; *People* v. *Murillo* (1995) 39 Cal.App.4th 1298, 1306-1307 [46 Cal.Rptr.2d 403] [second strike]; *People* v. *Cartwright* (1995) 39 Cal.App.4th 1123, 1137-1139 [46 Cal.Rptr.2d 351] [third strike and consecutive determinate sentence]; *People* v. *Anderson* (1995) 35 Cal.App.4th 587, 597-599 [41 Cal.Rptr.2d 474] [second strike]; and *People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 563-572 [39 Cal.Rptr.2d 374] [second strike].) We agree with the conclusion reached in these cases.

The analysis of the relationship between the use of a prior for purposes of a strike and its use as a five-year enhancement necessarily starts with the statute itself. Section 667, subdivision (a)(1) provides for an enhancement of five years when the current charge is a serious felony and the defendant has previously been convicted of a serious felony. Section 667, subdivision (e)(1) provides that if the defendant has a prior serious or violent felony, "in addition to any other enhancement or punishment provisions which may apply" the base term is doubled. Residential burglary is a serious felony. (§ 667, subd. (d)(1).)

Section 667 thus requires the doubling of the base term when there is a prior serious felony, and since such sentence is to be "in addition to any other enhancement," also requires the addition of five years for any section 667, subdivision (a)(1) enhancement. "These words of the statute are clear

Section 667, subdivision (e)(1) provides: "For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction: [¶] (1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."

and unambiguous. They require no interpretation or construction. There can be no doubt as to their meaning. In the present context, the language prescribes a doubling of the sentence for the current felony offense *in addition* to the five-year enhancement if the current offense is a serious felony." (*People* v. *Ramirez, supra,* 33 Cal.App.4th at p. 566, original italics.)

This construction is consistent with the legislative intent expressed in section 667, subdivision (b), namely that the statute is designed "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent offenses."[3]

Defendant's construction of section 667 would in many cases undermine the legislative intent. Section 667, subdivision (e)(1) is mandatory and is to be applied "[n]otwithstanding any other law . . . ." (§ 667, subd. (f)(1).) Thus, if the trial court here had chosen as the base term the midterm of four years (§ 461), the court would have been obligated to add four additional years under section 667, subdivision (e)(1) in determining defendant's sentence. (See *People* v. *Ramirez, supra,* 33 Cal.App.4th at p. 568.) If the court then was precluded from adding the five-year enhancement, defendant would actually serve one year less under the three strikes law (eight years) than under preexisting law (nine years). Indeed, a defendant would receive shorter sentences under three strikes whenever sentenced to a determinate term of less than five years. In cases involving a five-year determinate term, the sentence would be no different under three strikes than before its enactment. Such a result would be at odds with the legislative purpose of section 667 to increase the length of prison sentences. (See *People* v. *Anderson, supra,* 35 Cal.App.4th at p. 599.)

---

[3]The conclusion that a serious prior conviction may be used both as a strike and as a five-year enhancement is also consistent with legislative history. "Given the plain language of A.B. 971, it is abundantly clear that the Legislature intends the sentencing provisions proposed by A.B. 971 to apply '*in addition to* any other enhancement or punishment provision which may apply' (proposed subd. (e), Sec. 667 (emphasis added)), including the enhancement provisions set forth in subdivision (a) of section 667." (Letter from Off. of Legis. Counsel, No. 5794, to Assemblyman Richard K. Rainey (Feb. 16, 1994), p. 2.)

The legislative report cited by defendant, namely the Senate Committee on the Judiciary, analysis of Assembly Bill No. 971, Regular Session (Feb. 17, 1994) section 4, subdivision C, is not helpful. That analysis is predicated on *People* v. *Jones* (1993) 5 Cal.4th 1142, 1150 [22 Cal.Rptr.2d 753, 857 P.2d 1163], and *People* v. *Coleman* (1989) 48 Cal.3d 112, 163-164 [255 Cal.Rptr. 813, 768 P.2d 32], which deal with dual use of *enhancements.* As discussed in the text, see part II.A.2., *post,* no dual use of enhancements is presented by sections 667, subdivision (a)(1) and 667, subdivision (e)(1) because the latter is not an enhancement but a parallel determinate sentence structure for recidivists. (*People* v. *Martin* (1995) 32 Cal.App.4th 656, 667 [38 Cal.Rptr.2d 776].)

■ Defendant apparently concedes this point for persons who, but for the cumulative use of a prior serious felony, would have shorter sentences under three strikes than prior law. Distinguishing *Ramirez* and *Anderson*, he argues the rule has no application to those persons, like defendant here, whose sentences are greater under the three strikes law than under preexisting law. In those circumstances, he contends, cumulative use is prohibited under section 667, subdivision (a)(2), which provides, in part: "This subdivision shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment."

Defendant is correct that under existing law his sentence without the section 667, subdivision (a)(1) enhancement (six years plus six years under § 667, subd. (e)(1)) is greater than his sentence would have been under prior law (six years plus five years under § 667, subd. (a)(1)). Defendant's argument fails, however, because it is predicated on the theory that the Legislature intended two different sentencing schemes under section 667, subdivisions (b)-(i)—one for defendants whose base term is five years or less and one whose base term is greater than five years. "There is no suggestion in the statute that the Legislature meant to establish such a distinction between two groups of defendants." (*People v. Anderson, supra*, 35 Cal.App.4th at p. 598.)

This issue was presented in *People v. Cartwright, supra*, 39 Cal.App.4th 1123, a third strike case. There the defendant was convicted of a series of felonies following a brutal crime spree; he had a 30-year criminal history which included several serious and violent felonies. The court sentenced the defendant to 15 indeterminate terms of 25 years to life plus a determinate term of 53 years. Cartwright argued that since his sentence under the three strikes law resulted in a longer term of imprisonment than under preexisting law, section 667, subdivision (a)(2) precluded the use of the enhancement to increase his determinate sentence under subdivision (a)(1). The court affirmed the use of serious felonies both as qualifying priors for the indeterminate term and as enhancements in calculating the determinate sentence.

The court concluded that the express direction in section 667, subdivision (e)(1) that the doubling of the base term was in addition to any other applicable enhancement took precedence over the limiting language of section 667, subdivision (a)(2). "We recognize that the language 'any other enhancement or punishment provisions that may apply' [in section 667(e)(1)] is a less than precise directive to apply section 667, subdivision (a) enhancements. 'Although desirable, clarity, coherence, and eloquence are not conditions precedent to legislative vitality.' (*People v. Powell* (1991) 230 Cal.App.3d 438, 441 [281 Cal.Rptr. 568].) We conclude the Legislature

intended a defendant's sentence under the three strikes law should include a doubled term or life term, as appropriate under section 667, subdivision (e), plus an enhancement under section 667, subdivision (a) for each prior serious felony conviction. [Citation.]" (*People* v. *Cartwright, supra*, 39 Cal.App.4th at pp. 1138-1139.)

A similar conclusion was reached in *People* v. *Turner, supra*, 40 Cal.App.4th at pages 740-742, where Division Five of this court held that section 667, subdivision (e) took precedence over section 667, subdivision (a)(2), to enhance an indeterminate term of 25 years to life to 35 years based on defendant's 2 prior serious felony convictions.

Although *Turner* and *Cartwright* involve three strikes under section 667, subdivision (e)(2), we see no discernible difference between a third strike and the instant second strike case; both sentencing schemes are prefaced by the mandate of section 667, subdivision (e) to add all relevant enhancements. This conclusion avoids what would otherwise lead to an absurd result under the statutory construction which defendant asks us to adopt. Under defendant's theory, those persons receiving lower base terms would receive under the three strikes law a proportionately greater sentence than those sentenced to higher terms when compared to the sentences such persons would have received under preexisting law.

For example, under section 667, subdivision (e)(1), Defendant A who receives a three-year base term with a prior serious felony would have the term doubled to six years. Under prior law, the sentence would have been three years plus five for the enhancement, or eight years. According to defendant's construction, section 667, subdivision (a)(2) does not prohibit the addition of the five-year enhancement because under three strikes A's sentence is shorter than under preexisting law. A would then be sentenced to 11 years, an increase of approximately 37 percent over the sentence under previous law.

Defendant B, like the defendant here, receives a six-year base term. That term is doubled to 12 years. Since 12 years is greater than the 11 years B would have received under prior law, no five-year enhancement is permitted according to defendant. In that case, B receives a sentence under three strikes that is approximately 9 percent greater than under previous law. Thus B, whose crime and/or past history is more serious, resulting in a greater base term than A, receives a minimally greater sentence under the three strikes law; A, with a lower base term receives significantly greater punishment under three strikes than before.

Such a result would be inconsistent with the Legislature's intent in adopting the three strikes law. (See *People* v. *Cartwright, supra*, 39 Cal.App.4th at p. 1138.)

Defendant relies on a series of cases which conclude that a five-year enhancement may not be added to an indeterminate sentence under section 667.7, the habitual offender statute for felonies involving great bodily harm. (See *People* v. *Jenkins* (1995) 10 Cal.4th 234 [40 Cal.Rptr.2d 903, 893 P.2d 1224]; *People* v. *Skeirik* (1991) 229 Cal.App.3d 444, 468 [280 Cal.Rptr. 175]; *People* v. *Lobaugh* (1987) 188 Cal.App.3d 780 [233 Cal.Rptr. 683].)

Initially we note that section 667.7 is an entirely different sentencing scheme than that presented in section 667. (See *People* v. *Anderson, supra,* 35 Cal.App.4th at p. 598.) More fundamentally, *Jenkins* holds that section 667, subdivision (a)(2) does not operate to bar the dual use of the prior serious felony when the sentencing statute expressly authorizes it. In *Jenkins,* the defendant argued that section 667.7 was one of the "other provisions of law" that results in a longer sentence—there a life-term sentence—within the meaning of section 667, subdivision (a)(2). Accordingly, he argued, imposition of sentence under section 667.7 precluded the application of a five-year enhancement under section 667, subdivision (a)(1).

The Supreme Court held that although the five-year enhancement could not be used consecutively to the life term, it could be used to increase the minimum period of incarceration under section 667.7, subdivision (a)(1) from 20 to 25 years. The court relied on that portion of section 667.7, subdivision (a)(1) which expressly authorized the use of enhancements in calculating one of the three methods for establishing the minimum period of confinement under that section, and concluded that "subdivision (a)(2) of section 667 does not preclude use of a prior-serious-felony enhancement as a component in the calculation of the minimum period of imprisonment that a defendant must serve under a section 667.7 life term." (*People* v. *Jenkins, supra,* 10 Cal.4th at p. 254.)

As was the case in the statutory scheme before the *Jenkins* court, here section 667, subdivision (e)(1) expressly mandates all relevant enhancements be added to the second strike base term.

Finally, defendant fails to recognize the fundamental difference between a section 667, subdivision (a)(1) enhancement and the sentencing structure of section 667, subdivision (e)(1). The former comes into play only when the current offense is a serious felony, while the latter applies to any felony. It is reasonable to conclude that the Legislature intended to treat serious felons differently than those whose felonies were of a less serious nature. "[Defendant's argument] fails to recognize the meaningful distinction between defendants based upon whether they are newly convicted of serious felonies. Subdivision (a)(2)'s limitation was not intended to apply to subdivision (e)

as well. To hold otherwise would produce incongruous results. Any ambiguity on this point can be attributed to inartful drafting. We hold the Legislature's failure to be more specific on this point is merely a drafting error that does not undermine the statute's overall purpose to lengthen sentences. [Citations.]" (*People* v. *Anderson, supra,* 35 Cal.App.4th at p. 599.)

### 2. *The Dual Use of Enhancements.*

■ Defendant also argues that to use a prior serious felony both as a qualifying strike and as a five-year enhancement violates the prohibition against the dual use of enhancements. (*People* v. *Jones, supra,* 5 Cal.4th at p. 1150.)

We recently rejected the identical argument in *People* v. *Martin, supra,* 32 Cal.App.4th 656, 667, recognizing that contrary to defendant's threshold argument, section 667, subdivision (e)(1) is not an enhancement. "Instead, it defines the term for the crime itself, supplanting the term that would apply but for the prior serious or violent felony." (*People* v. *Martin, supra,* 32 Cal.App.4th at p. 667.) The same conclusion has been reached in a number of other cases. (See, e.g., *People* v. *Sipe* (1995) 36 Cal.App.4th 468, 485 [42 Cal.Rptr.2d 266]; *People* v. *McKee* (1995) 36 Cal.App.4th 540, 546-547 [42 Cal.Rptr.2d 707]; *People* v. *Anderson, supra,* 35 Cal.App.4th at pp. 594-595.) "The legislative determination, that under these circumstances the base term is doubled, does not constitute an enhancement. Instead, it is the articulation of a parallel sentencing scheme for specifically described recidivists." (*Id.* at p. 595.)

### 3. *Section 654.*

Defendant argues that section 654 prohibits the use of multiple enhancements. As the court in *People* v. *Jones, supra,* 5 Cal.4th at page 1152, recognized, the ". . . appellate courts have disagreed on whether section 654 applies to enhancements. [Citations.]" (Compare, e.g., *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517, 519 [253 Cal.Rptr. 633], with *People* v. *Hopkins* (1985) 167 Cal.App.3d 110, 117-118 [212 Cal.Rptr. 888].) Although the application of section 654 to the dual use of enhancements may be the subject of debate, we need not provide a forum for the resolution of that issue since for the reasons expressed in part II.A.2., *ante,* this case does not present the dual use of an enhancement. (See *People* v. *Coronado* (1995) 12 Cal.4th 145 [48 Cal.Rptr.2d 77, 906 P.2d 1232] [dual use of prior conviction

and prison term to elevate Vehicle Code section 23152 driving under the influence of alcohol from a misdemeanor to a felony and to enhance sentence under section 667.5, subdivision (b)].)

B. *Qualification of a 1985 Conviction as a Strike*

■ Defendant's final argument is that since his 1985 serious felony conviction predated the enactment of section 667, subdivision (e)(1) it is not a strike under that statute. He relies on section 667, subdivision (d)(1) which provides: ". . . The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction . . . ." Defendant reasons that only if the prior conviction is determined to be a strike at the time the defendant is convicted of the prior serious felony may it qualify as a strike. The effect of such a construction would render the three strikes law meaningless in all cases where the defendant's prior conviction antedated the three strikes law.

Defendant cites no case which has adopted his proposed statutory interpretation. Several courts have rejected it, including Division Two of this court in *People* v. *Green* (1995) 36 Cal.App.4th 280, 282-283 [42 Cal.Rptr.2d 249]. (See also *People* v. *Murillo, supra,* 39 Cal.App.4th at pp. 1307-1308; *Gonzales* v. *Superior Court* (1995) 37 Cal.App.4th 1302, 1306-1311 [44 Cal.Rptr.2d 144]; *People* v. *Sipe, supra,* 36 Cal.App.4th at pp. 476-479; *People* v. *Reed* (1995) 33 Cal.App.4th 1608, 1610-1612 [40 Cal.Rptr.2d 47].)

"First, appellant's interpretation would produce an absurd result in that there is never a need to make a determination of a 'strike' until the subsequent offense occurs. Second, such an interpretation would fly in the face of the stated intent of the statute, which is '. . . to ensure longer prison sentences and greater punishment for those who commit a felony and have been *previously* convicted of serious and/or violent felony offenses.' (§ 667, subd. (b), italics added.) . . . Finally, to adopt appellant's position would delay the imposition of 'three strikes' for years, thus obviating any reason for the Legislature to have enacted this law as emergency legislation." (*People* v. *Green, supra,* 36 Cal.App.4th at p. 283.)

We agree with the foregoing discussion and conclude that defendant's prior residential burglary conviction was a strike under section 667, subdivision (e)(1).

## III.

### *Disposition*

For the reasons expressed above, there were no errors in the calculation of defendant's sentence. In that defendant has raised only sentencing issues on appeal, the judgment is affirmed.[4]

Epstein, Acting P. J., and Vogel (C. S.), J., concurred.

Appellant's petition for review by the Supreme Court was denied April 17, 1996.

---

[4]The Attorney General asks us to recompute defendant's sentence to reduce his good time/work time credits by modifying his presentence credits by two days, thus correcting an error in calculation by the trial court. Since this minor custody credit error was not raised in the trial court, we decline the Attorney General's invitation. (See *People* v. *Green, supra,* 36 Cal.App.4th at p. 284.)