Filed 2/26/14  P. v. Ochoa CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ARTURO OCHOA,<br><br>        Defendant and Appellant. | B245825<br><br>(Los Angeles County<br>Super. Ct. No. KA098175) |

        APPEAL from a judgment of the Superior Court of Los Angeles County.  Mike Camacho, Judge.  Affirmed.

        Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr. and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Arturo Ochoa (defendant) appeals from a judgment entered after a plea of no contest. He contends that the trial court erred in departing from an indicated sentence. Defendant also contends that the trial court abused its discretion and imposed double punishment in sentencing on count 1, by a prohibited dual use of facts and by imposing a five-year sentence enhancement after doubling the middle term as a second strike under the "Three Strikes" law. We find that defendant's first contention is not cognizable on appeal without a certificate of probable cause, that defendant failed to preserve the second and third issues for review, and that in any event defendant's contentions lack merit. We thus affirm the judgment.

## BACKGROUND

**Procedural history**

The amended information charged defendant with count 1, assault with a deadly weapon in violation of Penal Code section 245, subdivision (a)(1);[1] count 2, attempted second degree robbery in violation of sections 664 and 211; count 3, misdemeanor burglary of a vehicle in violation of section 459; and count 4, misdemeanor vandalism in violation of section 594, subdivision (a). The information alleged as to counts 1 and 2 that defendant inflicted great bodily injury on the victim, within the meaning of section 12022.7, subdivision (a); and as to count 2, that defendant used a deadly weapon, a wooden pole, within the meaning of section 12022, subdivision (b)(1). The information further alleged that defendant had been convicted in 2009 of first degree burglary, a prior serious felony for purposes of section 1170, subdivision (h)(3), and section 667, subdivision (a)(1). The information also alleged for purposes of section 667.5, subdivision (b), that defendant served a prior prison term due to the same conviction; and that the prior conviction was a serious or violent felony within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

Defendant entered an open plea of no contest to all of the charges and the bodily injury allegation, and admitted the prior felony conviction for the purposes alleged in the

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

information.  On October 23, 2012, the trial court sentenced defendant to a total prison term of 14 years, comprised of the middle term of three years on count 1 (assault with a deadly weapon), doubled to six years as a second strike, plus a consecutive recidivist enhancement of five years under section 667, subdivision (a)(1), and a consecutive term of three years under section 12022.7 (causing great bodily injury).  As to count 2, the court struck the prior prison enhancement alleged pursuant to section 667.5, subdivision (b), and imposed the middle term of two years which it stayed pursuant to section 654.  The court imposed concurrent one-year jail terms for the two misdemeanors charged in counts 3 and 4.  Defendant was given 163 days of total presentence custody credit, consisting of 142 actual days and 21 days of conduct credit, and the trial court ordered him to pay mandatory fines and fees.  The court also ordered defendant to pay victim restitution, and reserved jurisdiction over the matter.

Defendant filed a timely notice of appeal from the judgment stating that the appeal was based in part upon matters occurring after the plea, and requested a certificate of probable cause to challenge the validity of the plea.  In the request for certificate of probable cause, defendant stated he "signed a plea for 10 years [and] 4 months"; but after hearing the prosecutor's argument and the victim's statement, the trial court denied his *Romero* motion (to dismiss the strike allegation),[2] and recalculated the time "for some odd reason to come up with a final judgment of 14 [years]."  The trial court denied the request for certificate of probable cause.

**Relevant facts**

At arraignment, defendant rejected the prosecutor's offer under which defendant would have been sentenced to nine years in prison.  The trial court explained to defendant that if convicted the maximum sentence would be 19 years 4 months, and that based upon the preplea report, a minimum sentence of 17 years would be appropriate.  According to the probation report and the preliminary hearing transcript, defendant attacked Marshall Weeks (Weeks) with a wooden pole after Weeks refused to accede to defendant's

---

[2]    See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530; section 1385, subdivision (a).

3

demand to turn over his wallet. Defendant fled the scene after apologizing for the attack, and police officers later found the broken pole near two cars with broken windows. Weeks was taken to the hospital with cuts, scrapes, a broken nose, and several bruises on his head.

At a readiness conference two months later defendant informed the trial court that he would enter an open plea. The trial court said to defendant, "If you enter an open plea . . . your legal exposure is just under 20 years." Defendant submitted an initialed and signed form acknowledging advisement of his rights, waiver, and entry of no contest to the charges. The form shows the maximum possible sentence as 19 years 4 months in prison, but states that defendant's attorney had advised him that under the terms of any applicable plea bargain, he would be sentenced to 10 years 4 months. Prior to taking defendant's plea orally, the trial court said to defense counsel: "Well where did we get 10 years 4 months? We had a sidebar conference. I think I did indicate that even with low term consideration on this case, that the very minimum he could receive is 10 years 4 months; is that right?" Defense counsel agreed, and told the court that was how she came to that figure. The court then said to defendant: "I cannot realistically guarantee that to you, because that would be judicial plea bargaining saying if you enter a plea you'll get 10 years 4 months. If I deny your *Romero* motion, I'm not permitted to do that." The court explained that because defendant was willing to take responsibility and enter an open plea, he would certainly not do maximum time, which was "roughly close to 20 years." The court added, "I wouldn't do that to you. But you may get the 10 years 4 months. You may get a little more than that. But I cannot, as a matter of law, guarantee you a certain sentence on an open plea of a case of this nature."

The prosecutor commented that defense counsel had been optimistic that the court would sentence defendant to the minimum, and that was why she came up with 10 years 4 months. The court then said to defendant, "Mr. Ochoa, again, you may get 10 years 4 months, but I don't want you to enter this plea knowing, indeed, that will be the case. Do you understand that, sir?" Defendant replied, "Yeah."

After advising defendant of his rights and other consequences of his plea, the court told defendant: "As you've heard the minimum sentence that the court can impose in this case, evidently, is 10 years 4 months the maximum is 19 years 4 months. You will be permitted to have a formal hearing on what's called a *Romero* motion to convince this court, based upon your background, your prospects, your case history, that you would be deemed outside the spirit of the strike law and be sentenced as though you did not suffer a prior serious or violent felony conviction. If you receive a favorable ruling on the motion, your sentence could be much less evidently than 10 years 4 months. If you are unsuccessful, the absolute minimum sentence you could receive is 10 years 4 months. Do you understand this?" Defendant replied, "Yes, sir." Defendant then entered his pleas, the trial court scheduled a sentencing hearing, and defendant filed a written *Romero* motion.

At the hearing on the *Romero* motion, the trial court read into the record defendant's letter in support of the motion. Defendant stated that he was taken from his mother's custody due to her drug addition, spent one year in various foster homes until he was adopted by his brother's father at the age of seven. He grew up with little self-confidence and failed to graduate, but stayed out of gangs. He became addicted to alcohol and drugs at the age of 23, and had a young daughter. Defendant concluded: "I just need help is all I'm asking for, not to put me away from my daughter for so long."

The trial court denied the *Romero* motion, citing the seriousness of the prior conviction and finding the current offense to be extremely serious: two separate vehicle burglaries; and a brutal attack leaving the victim seriously injured with a broken nose. In addition, the court noted that defendant was on misdemeanor probation as well as on parole for the strike offense when he committed the current crime. The court considered defendant's substance abuse, his expression of remorse, his concern for his daughter, and his having taken responsibility for his actions without a trial, but did not consider those factors to be sufficient to outweigh the seriousness of the current offense and the criminal acts committed between the strike conviction and the current offense.

5

After the court denied the motion, the victim was permitted to make a statement. Weeks stated that he had no criminal record, suffered a disability with symptoms of autism or Asperger's Syndrome, was unemployed, and was merely taking a late night walk when defendant attacked him, leaving him with emergency room bills, scars, and emotional trauma. Weeks asked the court to sentence defendant to the maximum possible sentence. After the statement, defendant was permitted to state an apology on the record.

In deciding not to impose the high term, the trial court gave great weight to defendant's early admission of liability, but the court stated that it could not ignore the serious injury and damage to the victim, and thus found that the low term would not be appropriate. The court sentenced defendant accordingly to 14 years in prison.

## DISCUSSION

### I. Indicated sentence

Defendant contends that the trial court abused its discretion by departing from its "indicated sentence" and by failing to advise him prior to taking his plea that he could withdraw the plea in such an eventuality.

Respondent contends that defendant is effectively challenging the validity of his plea and his contentions are thus not cognizable on appeal, as defendant failed to obtain a certificate of probable cause. In general, no appeal may be taken after a plea of guilty or no contest unless the trial court has executed and filed a certificate of probable cause. (§ 1237.5.) A certificate is required when "the appellate claim at issue constitutes, in substance, an attack on the validity of the plea"; it is not required however, to raise "issues regarding proceedings held subsequent to the plea for the purpose of determining . . . the penalty to be imposed. [Citations.]" (*People v. Buttram* (2003) 30 Cal.4th 773, 780, 790.) A certificate is also required in cases where the appellant denies challenging the validity of the plea, but the appeal has the practical effect of doing so. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 77.) A reviewing court must decline to address the merits of any issues for which a certificate of probable cause was required but not filed. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096.)

Defendant contends that a certificate of probable cause was not required to challenge the trial court's failure to impose an indicated sentence without having advised him of his right to withdraw his plea, but he provides no authority for this contention and we have found none addressing that precise issue. Because defendant has presented a confusing conflation of various rules regarding conditional and unconditional pleas, indicated sentences, and plea bargaining, some discussion of the merits of his indicated sentence contention will be necessary to determine whether it is cognizable without a certificate of probable cause.

Defendant entered an open plea. "An open plea is one under which the defendant is not offered any promises. [Citation.] In other words, the defendant 'plead[s] unconditionally, admitting all charges and exposing himself to the maximum possible sentence if the court later chose to impose it.' [Citation.] (*People v. Cuevas* (2008) 44 Cal.4th 374, 381, fn. 4 (*Cuevas*).) "'In that circumstance, the court may indicate "what sentence [it] will impose if a given set of facts is confirmed, irrespective of whether guilt is adjudicated at trial or admitted by plea." [Citation.]' [Citation.]" (*People v. Clancey* (2013) 56 Cal.4th 562, 570 (*Clancey*).) "[A]n indicated sentence is not a promise that a particular sentence *will* ultimately be imposed at sentencing. Nor does it divest a trial court of its ability to exercise its discretion at the sentencing hearing, whether based on the evidence and argument presented by the parties or on a more careful and refined judgment as to the appropriate sentence." (*Id*. at p. 576.) A plea that is conditioned upon a particular disposition may be entered pursuant to a plea bargain made with the prosecution and approved by the court. (§ 1192.5.)[3] However, only the prosecutor may

_____

[3]    Section 1192.5 provides the authority for plea bargaining. It reads in relevant part: "Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant . . . cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea. [¶] If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw his or her plea if he or she desires to

7

enter into a plea bargain with the defendant; thus a lawful indicated sentence is not a plea bargain, but merely a statement of "what the court views, on the record then available, as the appropriate sentence so that each party may make an informed decision." (*Clancey, supra*, at p. 575.)

Relying on *People v. Superior Court (Felmann)* (1976) 59 Cal.App.3d 270, 276 (*Felmann*), defendant suggests that all indicated sentences are a form of conditional plea which may be withdrawn if the trial court determines that it cannot impose the indicated sentence. We disagree. As explained in *Felmann*, an indicated sentence *may* result in a conditional plea if the indicated sentence is promised rather than merely expressed. (*Id.* at pp. 273, 276-277.) Such a conditional plea is lawful if the prosecutor has agreed to it; if not, it amounts to improper plea bargaining by the court. (*Id.* at pp. 276-278; see also *Clancey, supra*, 56 Cal.4th at pp. 582-583.)

Defendant also contends that section 1192.5 applies to all indicated sentences, and that when the trial court cannot impose the indicated sentence, a defendant "has an unqualified right to withdraw his plea." To support this proposition defendant relies on *People v. Delgado* (1993) 16 Cal.App.4th 551, 555. In that case however, the trial court had *promised* the indicated sentence and the prosecutor had not agreed to it, making the indicated sentence an improper plea bargain. (*Id.* at pp. 553-555; see also *People v. Labora* (2010) 190 Cal.App.4th 907, 916.) A trial court acts in excess of its jurisdiction in such a case. (*People v. Turner* (2004) 34 Cal.4th 406, 418-419.) But this does not dispense with the requirement of a certificate of probable cause so long as the trial court had jurisdiction in the fundamental sense. (*People v. Flood* (2003) 108 Cal.App.4th 504, 508; see *People v. Panizzon, supra*, 13 Cal.4th at p. 78 [certificate required to challenge constitutionality of negotiated sentence].)

We do not construe the trial court's advisements in this case as an indicated sentence. The court explained the minimum and maximum terms possible, and told

---

do so . . . . [¶] If the plea is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter the plea or pleas as would otherwise have been available."

defendant it would not impose the maximum. "Negotiated plea agreements may include a sentence 'lid,' which constrains the maximum sentence a trial court may impose but is less than the maximum exposure the defendant would otherwise face . . . ." (*Cuevas, supra*, 44 Cal.4th at p. 376. ) However, to the extent that the trial court's comments in this case could be construed as promising a sentence lid, it was not a negotiated condition of defendant's no contest plea and the court sentenced within that range. Moreover, whether a lid was promised or simply indicated, "a challenge to the trial court's authority to impose the lid sentence is a challenge to the validity of the plea requiring a certificate of probable cause." (*People v. Shelton* (2006) 37 Cal.4th 759, 763; see also *Cuevas, supra*, at p. 376.)

In any event, we read the trial court's comments as indicating only that it would not impose the maximum, and that it would consider any *Romero* motion defendant's attorney filed and then determine the sentence. The trial court expressly warned defendant that if his *Romero* motion was denied, a minimum sentence would not be permitted, and told defendant twice that it could not guarantee a term of 10 years 4 months. There was thus no conditional plea and no improper plea bargaining. Because there was no plea bargain or negotiated sentence, but an unconditional open plea, the trial court retained its full discretion to select a fair and just punishment, regardless of whether it indicated a sentence. (See *Clancey, supra*, 56 Cal.4th at p. 576.)

No current authority gives the defendant an *unqualified* right to withdraw his plea if the court deviates from a *lawful* indicated sentence; nor is there current authority requiring a trial court to advise the defendant that he will be permitted to withdraw his plea entered after a lawful indicated sentence, such as section 1192.5 requires with regard to negotiated plea bargains. (*Clancey, supra*, 56 Cal.4th at pp. 583-584 & fn. 4.) We conclude that a certificate of probable cause is required to challenge an open plea entered after a lawful indicated sentence. Further, the analysis necessary to come to this conclusion has shown that defendant's indicated sentence contentions are without merit.

## II. Double punishment and five-year enhancement

Two of defendant's contentions appear to be postplea sentencing issues that do not affect the validity of the plea and are thus reviewable without a certificate of probable cause. (See *People v. Buttram, supra*, 30 Cal.4th at p. 776.)

First, defendant contends that the trial court improperly imposed double punishment as to count 1, in violation of section 1170, subdivision (b), with a three-year enhancement under section 12022.7, due to the infliction of great bodily injury. Respondent points out that defendant did not raise this issue below, and any claim that the trial court abused its sentencing discretion must be preserved with the appropriate objection in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 354-356 (*Scott*).)

As initially stated, defendant's first contention does not appear to challenge the trial court's exercise of discretion. Defendant contends that the trial court violated section 1170, subdivision (b), which he characterizes as prohibiting "double punishment" by imposing a "higher base term" as to count 1 (assault with a deadly weapon), due to a finding of great bodily injury, while also imposing the sentence enhancement for great bodily injury as required by section 12022.7. Defendant apparently relies on that part of section 1170, subdivision (b), which provides: "[T]he court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (See also Cal. Rules of Court, rule 4.420(c).) As that prohibition expressly applies only to the upper term, not the middle term as imposed here, the trial court was not prohibited by law from imposing the middle term and the enhancement.

In his reply brief, defendant clarifies that he is challenging the trial court's discretion in imposing the great bodily injury enhancement. Defendant contends that the court abused its discretion because Weeks's broken nose was not sufficiently serious and the prosecutor did not argue in favor of the enhancement. Relying on *People v. Sandoval* (2007) 41 Cal.4th 825, 847, defendant contends he was not required to bring this objection to the attention of the trial court because *Scott* predated the enactment of section 1170, subdivision (b) in 2007. There is no language in *Sandoval* or section 1170 that abrogates *Scott*'s forfeiture doctrine.

10

Defendant also contends that the trial court abused its discretion by imposing a five-year sentence enhancement on count 1, pursuant to section 667, subdivision (a)(1), after doubling the middle term on that count as a second strike.  This was not an exercise of discretion but a mandatory sentencing requirement.  (*People v. Nelson* (1996) 42 Cal.App.4th 131, 136; accord, *People v. Dotson* (1997) 16 Cal.4th 547, 554.)

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST

11