Filed 11/23/15  P. v. Fairly CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079384 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F07797) |
| v. | |
| CHISI RAY FAIRLY, | |
| Defendant and Appellant. | |

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)"  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 created a resentencing provision, codified at Penal Code section 1170.18,[1] which provides that a person currently serving a sentence

_____

[1] Undesignated statutory references are to the Penal Code.

1

for certain designated felonies may petition for recall of the sentence to reduce the felony to a misdemeanor. Defendant Chisi Ray Fairly appeals from an order granting in part and denying in part his petition to reduce his commitment convictions from felonies to misdemeanors.

Defendant was resentenced from a term of 60 years to life to 35 years to life, upon reduction of two convictions for petty theft (§ 666) from felonies to misdemeanors and upon determination that a felony conviction for burglary (§ 459) was not eligible for resentencing under the provisions of section 1170.18.

Counsel was appointed to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there were any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Counsel advised defendant of his right to file a supplemental briefing within 30 days of the date of filing of the opening brief.

Defendant timely filed a supplemental brief by which he argues that the trial court erred by "us[ing] two priors in a single case" and that there was not sufficient evidence to support the burglary conviction.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to Proposition 47 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Serrano* (2012) 211 Cal.App.4th 496; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.)

Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

As best as we can glean from the supplemental brief, defendant challenges resentencing only on the ground that the trial court made dual use of two prior convictions, as both strikes to enhance the sentence (§ 667, subd. (e)(1)) and as serious prior felonies to enhance the sentence by five years for each (§ 667, subd. (a)). However, "[t]he argument that section 667 . . . prohibits the dual use of a prior felony as a strike and as an enhancement has been repeatedly rejected . . . . [Citations.]" (*People v. Nelson* (1996) 42 Cal.App.4th 131, 136.)

Otherwise, the supplemental brief presents a challenge to the validity of the commitment judgment. " ' "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." ' [Citations.]" (*People v. Mena* (2012) 54 Cal.4th 146, 152.) Appeal of an order denying relief under Proposition 47 is authorized by subdivision (b) of section 1237, as an order made after judgment, affecting the substantial rights of defendant. (Cf. *Teal v. Superior Court* (2014) 60 Cal.4th 595, 601.) However, that statutorily conferred appellate jurisdiction is limited to review of the decision to deny relief under Proposition 47. To convert that limited grant of jurisdiction to effectuate appellate review of the commitment judgment would in substance allow a belated motion to vacate that judgment, thereby violating the proscription on so " 'bypass[ing] or dulicat[ing] appeal from the judgment itself.' [Citation.]" (*People v. Totari* (2002) 28 Cal.4th 876, 882.) Defendant's challenge to the commitment judgment is not cognizable on this appeal of the order denying in part relief under Proposition 47.

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment (order) is affirmed.

                                                 RAYE        , P. J.

We concur:

        HOCH        , J.

        RENNER        , J.

4