Filed 9/29/20  P. v. Sandoval CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CARLOS SANDOVAL, Defendant and Appellant. | B301530 (Los Angeles County Super. Ct. No. KA115203) |

APPEAL from a judgment of the Superior Court for Los Angeles County, Thomas C. Falls, Judge.  Affirmed in part, reversed in part and remanded.

Jenny M. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Carlos Sandoval appeals from a judgment on remand, resentencing him to 35 years to life in prison on convictions for robbery (Pen. Code,[1] § 211) and assault by means of force likely to produce great bodily injury (§ 254, subd. (a)(4)). In our opinion on Sandoval's appeal from the original judgment (*People v. Sandoval* (April 30, 2019, B289571) [unpub. opn.] (*Sandoval I*)), we reversed the judgment in part and remanded the matter with directions as to two issues: we directed the trial court to resentence Sandoval on the assault count and to consider whether to strike either or both of the two five-year sentence enhancements imposed under section 667, subdivision (a)(1).

Unfortunately, our disposition with respect to the assault count was not as specific as it should have been, and the court reimposed the sentence we had found (in the body of our opinion) was improper, although the court stayed that sentence under section 654 as we instructed in our disposition. Although neither party has addressed this error in their briefs in this appeal, we are compelled to reverse the judgment to the extent the court imposed a 25-years-to-life sentence on the assault count because it is an unauthorized sentence.

With regard to the two sentence enhancements, the trial court on remand declined to strike either enhancement. Sandoval argues on appeal that the trial court erred by so ruling because (1) it improperly relied upon an erroneous understanding of parole eligibility dates to justify imposing the enhancements; (2) it failed to properly consider the sentencing factors set forth in the California Rules of Court and the

---

[1]     Further undesignated statutory references are to the Penal Code.

spirit of felony sentencing laws; and (3) it improperly made dual use of facts in reaching its sentencing decision. We conclude the record and the law do not support Sandoval's contentions. Accordingly, we affirm the judgment except to the extent the court imposed a 25-years-to-life sentence on the assault count, and remand the case for resentencing on that count.

## BACKGROUND

Our description of the crimes and original sentencing is taken from our earlier opinion.

"On the night of May 3, 2017, Anthony Gonzalez was walking to a store at the intersection of Cogswell Road and Exline Street in El Monte. He was listening to music from his cell phone on his headphones. On his way, he had to walk under a freeway overpass. As he was walking under the overpass, he saw two people beating up a boy. At trial, he identified Sandoval as one of the two people; he identified Arnulfo Ernesto Meza (who was tried with Sandoval) as the other person.

"As Gonzalez was walking past the men, Sandoval approached him and asked if he had seen anything. Gonzalez said he had not. Sandoval then grabbed Gonzalez's phone from his hand and punched him in the face. Meza also came over and punched him the face, and Gonzalez fell to the ground. Both men then stomped on Gonzalez while he was on the ground. Eventually, the men stopped punching and stomping on Gonzalez and left, walking south on Cogswell Road and

3

tossing Gonzalez's cell phone back and forth between them." (*Sandoval I*, *supra*, B289571, at p. 3.)

A jury convicted Sandoval of robbery (§ 211) and assault by means of force likely to produce great bodily injury (§ 254, subd. (a)(4)), and, following a court trial, the trial court found to be true allegations that Sandoval had been convicted of three prior serious and/or violent felonies as defined in sections 667, subdivision (d) and 1170.12, subdivision (b), had suffered two prior serious felony convictions as described in section 667, subdivision (a)(1), and had served two prior prison terms as described in section 667.5, subdivision (b). (*Sandoval I*, *supra*, B289571, at pp. 5, 8.) The trial court sentenced Sandoval to 25 years to life in prison on the robbery count, plus two consecutive five-year terms for the prior serious felony convictions (the section 667 enhancements). The court also imposed a third-strike 25-years-to-life sentence on the assault count, but found that section 654 applied, and ordered the sentence to run concurrently. Finally, the court struck the prior prison term enhancements for sentencing purposes. (*Sandoval I*, *supra*, B289571, at pp. 8-9.)

Sandoval appealed from the judgment, raising three issues. The first issue addressed the validity of his conviction; we rejected his argument, and affirmed the conviction. (*Sandoval I*, *supra*, B289571, at pp. 2, 11-13, 15.) The second issue addressed the concurrent third-strike sentence imposed on the assault count; we agreed the third-strike sentence was erroneous and that, under section 654, whatever sentence is imposed must be stayed, so we reversed and remanded for

resentencing on the assault count. (*Sandoval I*, *supra*, B289571, at pp. 2, 13, 15.) The third issue addressed the newly-amended section 1385, which amendment removed the provision prohibiting a trial court from striking a section 667 enhancement; we agreed the matter had to be remanded to allow the trial court to consider whether to strike either or both of the section 667 enhancements it had imposed. (*Sandoval I*, *supra*, B289571, at pp. 2, 13-15.)

In the disposition of our opinion, we stated: "The judgment is reversed to the extent the trial court imposed a concurrent 25 years to life sentence on the assault count. The matter is remanded for a resentencing hearing with directions to the trial court to resentence Sandoval on the assault count, and stay that sentence pending completion of the sentence on the robbery count, at which time the stay will become permanent. The trial court also is directed to consider whether to strike either or both of the five-year terms imposed under section 667, subdivision (a)(1). In all other respects, the judgment is affirmed." (*Sandoval I*, *supra*, B289571, at p. 15.)

On remand, the trial court held the resentencing hearing as directed. Sandoval's counsel asked the court to strike one or both of the section 667 enhancements, arguing that Sandoval was doing everything he could to change his life and make himself a better man while he was in prison, and that 25 years to life was a significant enough sentence for the crime in this instance. The prosecutor argued against striking the two section 667 enhancements, noting Sandoval's long and extensive criminal history and the violence of the crime at issue.

After hearing counsels' arguments, the court stated: "Let me just cut right to the chase. . . . Mr. Sandoval, the problem that arises is your history." The court noted that Sandoval "first entered the system as a juvenile . . . at age 14" with a juvenile petition "for a deadly weapon and for first degree robbery," and then had another juvenile petition for robbery when he was 17, for which he was sent to the California Youth Authority. The court continued, "Anyway, after you became an adult, you continued to commit crimes. And I understand you were steep[ed] in the gang culture out in El Monte. And then you picked up two strikes for criminal threats, a 422, and another robbery."

After a short colloquy with Sandoval (about a restitution order from one of his prior cases), the court went on: "You got paroled in 2016, January 2016. A little over a year later, you ran into this case. And, again, this is another robbery case. [¶] That's the problem. The problem is—I'm discounting, truthfully—and I don't know if I mentioned it before. Your very first case that . . . [y]ou were in juv[i]e back at the time. But, then, when you were older, you picked up another one. You went to Y.A. for it. You got out. You did another one. You did another one. [¶] And for those reasons, I'm not—but again, you're living in interesting times because you're still going to get an earlier parole date than when I sentenced you originally. [¶] Do you even have your date yet?"

After Sandoval stated that he did not, the court continued: "And this isn't going to affect your parole date. What's going to affect your parole date is going to be how you do in prison. If you really stick to what you're saying, they're not going to care about these 10 years any

longer.  [¶]  It's—it's—sometimes I wonder why we wake up and come in and do our job in the morning, to be honest with you.  It doesn't matter."  Sandoval interrupted, saying, "But, still, my parole date would be 20 years from now."  The court responded, "I don't know.  You're going to have to talk to the prison authorities about that.  [¶]  Honest to goodness, they're changing the dates every—I want to say every six months.  They're coming out with new rules, and everything is to benefit you.  Not you personally but the entire prison population, mind you.  And they're rolling it back and back and back.  And you need to stay on top of that.  All right?  Because if you start to see something where you—somebody's pressuring you to jump into something, you may just blow it for yourself.  And this is basically the sword hanging over your head.  You screw up in prison, they 'can' keep you in this long.  It's no longer they 'will.'"

Following more discussion about the restitution order from Sandoval's prior case (the court was trying to find the case number for Sandoval so he could challenge that order), the court returned to the sentencing matters.  It ordered its original sentence on the assault count stayed pending Sandoval's completion of the sentence on the robbery count, at which time the stay would become permanent.  After explaining to Sandoval what that order meant, the court stated, "However, with regard to the five-year priors, the original orders will stay in full force and effect for the reasons I stated."  There was another short discussion, after which the court said, "I want the record to be clear that I'm [im]posing the two five-year priors because I believe they're appropriate.  [¶]  . . .  [¶]  It has nothing to do with the changes

7

in the law.  I was just explaining to your client how that benefits him. But even if it didn't, it would be the appropriate sentence based on his past history."

The court's minute order from the hearing states that as to the assault count, "the sentence remains 25 years to life in state prison," and that the sentence is stayed pending the completion of the sentence in the robbery count, the stay to become permanent upon completion of the robbery sentence.  Regarding the section 667 enhancements, the minute order states:  "The court has considered the arguments offered by both parties and believes that imposing both 5 year terms is appropriate based on the defendant's past history, therefore the additional 10 years imposed on count 1 pursuant to section 667(a)(1) of the Penal Code will remain in full force and effect."

Sandoval timely filed a notice of appeal from the judgment.

## DISCUSSION

A. *The Third-strike Sentence on the Assault Count is an Unauthorized Sentence*

In this appeal, Sandoval challenges only the trial court's imposition of the two section 667 enhancements.  Before we reach that issue, however, we must address the trial court's reimposition of the 25-years-to-life sentence on the assault count.

In Sandoval's prior appeal, he argued the trial court erred by sentencing him on the assault count to 25 years to life under the Three Strikes law because a violation of section 245, subdivision (a)(4) was not a serious or violent felony under sections 1192.7 and 1192.8, and

8

therefore it did not qualify for sentencing as a third strike. The Attorney General agreed that Sandoval could not be sentenced as a third strike defendant on the assault count. We concurred, reversed the judgment with regard to the assault count, and remanded the matter to the trial court for resentencing on that count. (*Sandoval I, supra,* B289571, at pp. 13, 15.)

Although we indicated in the body of our earlier opinion that the third-strike sentence on the assault count was improper *and* that whatever sentence the trial court imposed on remand had to be stayed under section 654, the language of our disposition was not as specific. And, despite the fact that both sides had agreed that a third-strike sentence was improper, neither side brought that to the attention of the trial court during resentencing. Nor has either side raised the improper sentence in the present appeal. However, because a 25-years-to-life sentence cannot be imposed under any circumstance for the crime of assault under section 245, subdivision (a)(4), the sentence the trial court imposed on remand was unauthorized, and is subject to correction at any time. (*People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Serrato* (1973) 9 Cal.3d 753, 763.) Accordingly, we reverse the judgment to the extent the trial court imposed a third-strike sentence on the assault count and remand the matter for resentencing.[2]

---

[2] Ordinarily, we would ask the parties for supplemental briefing under Government Code section 68081 before rendering a decision on an issue the parties had not addressed in their briefs on appeal. However, this issue was briefed by both sides in the original appeal, and both sides agreed the third-strike sentence was improper; therefore, no additional briefing is necessary.

B. *The Trial Court Did Not Err By Imposing the Section 667 Enhancements*

As noted, Sandoval raises three arguments in support of his contention that the trial court erred by imposing the section 667 enhancements.[3]  In doing so, however, he relies upon faulty factual and/or legal premises.

First, Sandoval points to snippets from the trial court's discussion during the resentencing hearing of his possible parole date to argue that the trial court based its decision not to strike the section 667 enhancements on an erroneous view of the effect of those enhancements on his parole.  But when those snippets are viewed in context, it is clear that the court's comments were meant to encourage Sandoval to continue to work to change his life and become a better person while in prison, rather than to explain the basis for its decision not to strike the section 667 enhancements.  Indeed, after announcing its ruling on Sandoval's request to strike the enhancements, the court emphasized that its decision was based upon its determination that the sentence was appropriate based upon Sandoval's criminal history, and not upon possible changes in the law that would allow Sandoval to get out on parole early despite the additional 10-year enhancement.

Second, Sandoval asserts that the trial court erred by failing to properly consider the felony sentencing factors and the "spirit of felony

---

[3]     Although Sandoval acknowledges that the trial court's sentencing decisions are reviewed for abuse of discretion, he notes (correctly) that a court necessarily abuses its discretion if it erroneously applies the law.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)

10

sentencing law" when imposing the section 667 enhancements. In making this assertion, he misapprehends the governing law, the rules of court, and the role of the trial court with regard to sentence enhancements. Section 667, subdivision (a)(1) expressly states that a person convicted of a serious felony who has a prior conviction for a serious felony "*shall receive*" a five-year enhancement in addition to the sentence imposed for the current offense. (Italics added.) The sentencing factors, which may come into play when determining the sentence for the offense, have no role in determining whether to impose the enhancement.

That a court may now, under section 1385 (as amended), strike a section 667 enhancement "in furtherance of justice" (§ 1385, subd. (a)) does not transform the enhancement into a sentence that requires the court to weigh aggravating and mitigating circumstances before it may be imposed. Rather, the enhancement *must* be imposed unless the trial court determines, in its "limited" discretion (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 530), that striking the enhancement is in furtherance of justice.

As the Supreme Court instructed in *People v. Williams* (1998) 17 Cal.4th 148, in order to strike a prior serious felony conviction finding, the trial court must find that "in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [sentencing] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious

11

and/or violent felonies." (*Id.* at p. 161.) The trial court's statements in the present case demonstrate that the court considered Sandoval's current and prior crimes, as well as his background, character, and prospects. And, by declining to strike the section 667 enhancements, the court impliedly found that Sandoval could not be deemed to fall outside the spirit of the recidivism enhancement scheme. Thus, contrary to Sandoval's assertion, the trial court properly considered the factors relevant to its determination when it denied his request to strike the enhancements.

Finally, Sandoval misconstrues the law in arguing the trial court erred by using the same fact—his criminal history—"to justify the imposition of two different enhancements," i.e., the third-strike 25-years-to-life sentence and the section 667 enhancements. Although we (and other courts) have held that the use of the same conviction both as a qualifying strike under the Three Strikes law and as a section 667 enhancement does not violate the prohibition against dual use of facts because the Three Strikes law is a parallel sentencing scheme rather than an enhancement (see, e.g., *People v. Nelson* (1996) 42 Cal.App.4th 131, 141), Sandoval asserts those cases do not resolve the issue he is raising here. Instead, he asserts "the question [he presents] is not whether the convictions that triggered the section 667, subdivision (a) enhancement, also trigger a three-strikes 'enhancement.' The question is whether the *facts* relied upon to justify imposing the five-year enhancements, may also be the facts relied upon to deny a motion to strike a conviction for purposes of shifting from one sentencing scheme to another. When this is the issue, the focus is not so much on whether

12

a third-strike sentence is an 'enhancement' as a term of art, as it is whether the trial court properly exercises its discretion when it elevates and lengthens a defendant's sentence based on the same *facts*."

The problem with Sandoval's attempt to reframe the issue is that the question before a trial court when presented with a request to strike a prior conviction—either for purposes of sentencing under the Three Strikes law or for sentence enhancements—is whether to *lessen* the defendant's sentence, rather than lengthen it. If the prior conviction allegations have been found to be true, the default is that defendant will be sentenced under the Three Strikes law and/or the section 667 enhancements will be imposed. It is only when a court determines that the defendant "may be deemed outside the [sentencing] scheme's spirit" (*People v. Williams*, *supra*, 17 Cal.4th at p. 161) that the default sentence can be modified to lessen the sentence. Unlike the cases Sandoval relies upon, whose rulings are based upon specific statutes and court rules that prohibit the dual use of facts to justify both the imposition of an aggravated term and an enhancement (or two enhancements) (*People v. Coleman* (1989) 48 Cal.3d 112, 163; *People v. Avalos* (1984) 37 Cal.3d 216, 233; *People v. Ratcliffe* (1981) 124 Cal.App.3d 808, 821; *People v. Flores* (1981) 115 Cal.App.3d 67, 79; *People v. Lawson* (1980) 107 Cal.App.3d 748), there are no statutes or rules that prohibit the dual use of facts when determining whether to lessen a sentence by striking a strike or an enhancement. Indeed, given that the court *must* consider "the nature and circumstances of his present felonies and prior serious and/or violent felony convictions,"

13

among other things, in making this determination (*People v. Williams*, *supra*, 17 Cal.4th at p. 161), the court *necessarily* must rely upon the same facts regardless whether the determination is whether to strike a strike or to strike an enhancement.

In short, Sandoval has failed to demonstrate that the trial court abused its discretion by denying his request to strike one or both of the section 667 enhancements. Based upon Sandoval's background and extensive criminal history, the court implicitly concluded that he falls outside the spirit of the recidivism sentencing scheme. While Sandoval may disagree with the spirit of that scheme, and presents reasons why he believes the scheme is ill-advised, that is an argument better addressed to the Legislature; neither the trial court nor we have any power to change the scheme. Given the scheme as it currently exists, and the facts presented, the trial court's denial of Sandoval's request to strike the section 667 enhancements was not "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) Accordingly, we affirm the court's denial of that request.

//

//

//

//

//

//

## DISPOSITION

The judgment is reversed to the extent the trial court imposed a 25-years-to-life sentence on the assault count under the Three Strikes law. The matter is remanded for a resentencing hearing with directions to the trial court to resentence Sandoval to a determinate sentence on the assault count, and stay that sentence pending completion of the sentence on the robbery count, at which time the stay will become permanent. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



                                    WILLHITE, J.

We concur:



MANELLA, P. J.



COLLINS, J.



15