Filed 6/5/15  P. v. Morgan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062025 |
| v. | (Super.Ct.No. FSB1400361) |
| JOMAL MORGAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Affirmed.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Jomal Morgan pled guilty to possession of a firearm by a felon (count 1; Pen. Code, § 29800, subd. (a))[1] and admitted he had suffered a prior strike

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  The court sentenced defendant to a term of four years imprisonment as contemplated in his plea agreement.

After defendant filed the notice of appeal, this court appointed counsel to represent defendant.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case and identifying four potentially arguable issues:  1) whether the court abused its discretion in denying defendant's request for a certificate of probable cause; 2) whether defendant entered his plea voluntarily; 3) whether a sufficient factual basis for the plea exists since defendant was not personally questioned as to the factual basis; and 4) whether the court unlawfully sentenced defendant.  We affirm the judgment, but direct the superior court to correct the abstract of judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 21, 2014, defendant, the victim's boyfriend, arrived at the victim's home intoxicated and began arguing with her.  She told him to leave and began gathering defendant's belongings to send away with him.  Defendant called the victim a "bitch" and stepped on her right foot.  She pushed him away.  Defendant became upset and swung his fists at the victim.  She avoided being hit by stepping backward.

The victim told defendant not to hit her.  She continued gathering his belongings.  As the victim passed near defendant, he grabbed a necklace from around her neck, pulled it off, and placed it in his pocket.  She pushed him several times in an attempt to expel

2

him from her residence.  Defendant pushed the victim back, digging his thumb into her right eye.  During the altercation, defendant yelled "Blood."

The altercation became loud enough that the victim's brother came forward.  He and defendant then engaged in a fistfight.  After they stopped fighting, the victim's brother came back inside the residence and they closed the door.

The victim continued to gather defendant's belongings, placing them in a plastic bag.  When she went to throw defendant's belongings in the front yard, she saw defendant holding a black handgun with a brown wooden grip.  Defendant pulled the slide back ejecting a round and stated, "We can all die."  The victim picked up the cartridge and ran inside her home where she called the police.

As the police arrived, the victim looked out to see defendant by the trashcan and clothesline, the latter on which she had previously hung her clothes.  Her clothes were now laying on the ground.  When officers arrived, the victim pointed out defendant who was then detained.  An officer checked the area and located a .380-millimeter, semi-automatic black firearm with a wooden grip in the area near the trashcan and clothesline.  Five live rounds had been loaded into the handgun's magazine.  One live round had been chambered.  The victim gave an officer the cartridge she had retrieved after defendant had ejected it from the handgun.  It was a .380 live round matching those found in the firearm.

Defendant was a documented member of the Brimm Blood gang and a convicted felon on probation.  He had a previous conviction for felony criminal threats (§ 422)

3

incurred on May 19, 2000.  Defendant had on black pants with red stitching.  Defendant had a tattoo reading "Brimm" on his right arm.  The officers arrested him.

The People charged defendant by felony complaint with possession of a firearm by a felon (count 1; § 29800, subd. (a)) and alleged he committed the offense at the direction, for the benefit of, or in association with a criminal street gang (§ 186.22, subd. (b)).  The People additionally alleged defendant had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) for criminal threats on May 19, 2000, a prior serious felony conviction (§ 667, subd. (a)(1)), and four prior prison terms (§ 667.5, subd. (b)).

On August 18, 2014, defendant entered into a plea agreement whereby he agreed to plead guilty to the count 1 offense and admit the prior strike conviction.  In return, the remaining enhancements would be dismissed and defendant would receive a four-year prison sentence with a total of 476 days of custody credit.  Defendant initialed boxes adjacent to enumerated constitutional rights and affirmed he understood those rights.  Defendant initialed the box indicating, "I hereby waive and give up each of the [] constitutional rights listed . . . ."

Defendant initialed the box reflecting, "No one has used any force or violence or threats or menace or duress or undue influence of any kind on me or anyone dear to me to get me to plead guilty[] . . . ."  He indicated, "I am not now under the influence of alcohol or of any drugs, narcotics, medicine, or any other substance which could interfere with my ability to understand what I am doing, nor am I suffering from any condition which could have that effect."

4

Defendant initialed a box reflecting, "I have had sufficient time to consult with my attorney concerning my intent to plead guilty[] to the [] charges (and admit any prior conviction or enhancement). My lawyer has explained everything on this Declaration to me, and I have had sufficient time to consider the meaning of each statement. I have personally placed my initials in certain boxes on this Declaration to signify that I fully understand and adopt as my own each of the statements which correspond to those boxes." Defendant waived "any right to appeal from any motion I may have brought . . . and from the conviction and judgment in my case since I am getting the benefit of my plea bargain."

Defense counsel signed the plea agreement indicating "that I personally read and explained the contents of the above Declaration to the Defendant; that I personally observed the Defendant sign said Declaration; that I concur in the Defendant's withdrawal of his[] plea[] of not guilty; and that I concur in the Defendant's plea[] of guilty[] . . . and or admissions to the charge(s) as set forth by the Defendant in the above Declaration."

In taking defendant's plea, the court orally went over defendant's constitutional rights and asked whether defendant understood he was giving up those rights by entering the guilty plea. Defendant responded he understood. The court asked defendant, "Did you carefully go over both the printed and handwritten portions of this form with your attorney." Defendant responded he did. The court asked if defendant felt he "underst[ood] all of your rights, penalties, punishments, future consequence[s] and potential defenses?" Defendant responded, "Yes, ma'am."

5

Defendant asked defense counsel if he had gone over the plea form with defendant and was satisfied defendant understood everything on the form. Defense counsel responded that he had and that he was. The court found defendant had read and understood the plea form. The court specifically found defendant understood his constitutional rights. Defendant plead guilty to the count 1 offense.

The court asked defendant, "And do you admit you have a prior strike for criminal threats in the year 2000?" Defendant responded, "Yes, ma'am." Counsel stipulated the factual basis for defendant's plea would consist of the police report and defendant's record.

The court dismissed the remaining enhancements. The court further found defendant had "personally and orally entered his plea in open court. The plea was entered freely, voluntarily, knowingly, intelligently by him and there is a factual basis for the plea which the Court will accept and confirm."

On September 16, 2014, the court sentenced defendant to four years imprisonment consisting of the midterm of two years on the count 1 offense, doubled pursuant to the prior strike conviction. The court awarded defendant a total of 476 days of custody credits. The abstract of judgment reflects that defendant was sentenced to four years on the count 1 offense, but box 4, which would reflect the sentence had been imposed pursuant to sections "667(b)-(i) & 1170.12 (two strikes)," remains unchecked.

On September 30, 2014, defendant filed a letter in the superior court reading, "I [defendant] request a[n] appeal. I have a learning disability and feel that I was manipulated into taking a deal and was forced to take a strike that was not a strike at the

6

time the crime was committed." On October 9, 2014, an attorney with Appellate Defenders, Inc. filed an amended notice of appeal reflecting, "This appeal is based on the sentence or other matters that occurred after the plea and do not affect its validity." The amended notice of appeal further reads, "This appeal challenges the validity of the plea . . . ."

The attached request for certificate of probable cause indicates, "Defendant's original notice of appeal, signed and filed by him in this court . . . states that he has a learning disability and feels that he was manipulated into taking a deal and was forced to take a strike that was not a strike at the time the crime was committed. Based on this statement, it appears that his plea was not knowing, intelligent, and voluntary." The court denied the request on October 10, 2014.

On November 14, 2014, defendant filed a notice of appeal in propria person challenging the validity of the plea. The attached request for certificate of probable cause reads, "I did not understand what my constitutional rights to trial were and that I was giving up those rights. Therefore[,] my plea was not voluntary because I entered my plea based on false or misleading information and unfair pressure not of my free will. I was also writing to the Judge and explaining to my attorney that I was under duress because my mother was in the hospital. The court also selected an unauthorized sentence and abused its discretion by allowing me to admit to a (strike) but at the time of my offense the crime was not (strikable) [*sic*]." The court denied the request on November 17, 2014.

7

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (*People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188 [The denial of a request for a certificate of probable cause can only be challenged by the filing of a petition for writ of mandate.]; *People v. Voit* (2011) 200 Cal.App.4th 1353, 1366 ["[A] plea of guilty . . . forecloses an appellate challenge that the plea lacks a factual basis."]; *id.* at p. 1372, fn. 14 [Defense counsel's concession or stipulation to a factual basis for the plea "must be regarded as an admission by defendant."]; *People v. Jones* (1995) 37 Cal.App.4th 1312, 1316 [unequivocal evidence of intent to admit prior convictions, such as an on the record oral admission of the prior conviction allegation, constitutes sufficient evidence to support the prior conviction allegation.]; § 667, subdivisions (d)(1), Stats.1994, c. 12 (A.B.971), § 1, eff. March 7, 1994 to November 6, 2012 & § 1192.7, subdivision (c)(38), ["[T]errorist threats, in violation of Section 422" constitutes a strike conviction.] Stats.1999, c. 298 (A.B.381), § 1; Initiative Measure (Prop.21, § 17, approved March 7, 2000) effective March 8, 2000, to September 16, 2002.)

## DISPOSITION

The trial court is directed to correct the abstract of judgment to reflect the court sentenced defendant pursuant to sections 667, subdivisions (b)-(i), and 1170.12, subdivisions (a)-(d). The trial court is further directed to forward a copy of the corrected

abstract of judgment to the Department of Corrections and Rehabilitation.  In all other

respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.